Application of Donald Dale HOLT for Writ of Habeas Corpus.

No. 9922.

Missouri Court of Appeals, Springfield District.

Jan. 14, 1975.

William J. Fleischaker, Joplin, for petitioner.

No appearance for respondent.

### ORIGINAL PROCEEDING IN HABEAS CORPUS

Before BILLINGS, C. J., and STONE and HOGAN, JJ.

PER CURIAM.

In his petition for writ of habeas corpus, Petitioner Donald Dale Holt alleged the following: that on December 27, 1974, Petitioner was convicted in the Circuit Court of Jasper County of violating § 561.450, V.A.M.S. and sentenced to a term of six months in the County Jail; that on January 3, 1975, Petitioner filed a Notice of Appeal from said judgment and sentence; and that Petitioner is presently incarcerated in lieu of his posting an appeal bond in the amount of $5,000. Petitioner prayed for release on habeas corpus on the grounds that the amount of his bond is excessive and that no Jasper County bondsman would write his bond in any amount, both of which deny him his constitutional right to reasonable bail. As the petition was verified and stated a cause of action, this Court issued a writ of habeas corpus on January 8, 1975, Cf. Johnson v. Haynes, 504 S.W.2d 308, 310(7) (Mo.App.1973). It

is now determined that this writ was improvidently granted.

Two preliminary propositions may be disposed of summarily. First, Petitioner has no absolute right to bail pending his appeal under the U.S. Constitution. Starkey v. Swenson, 370 F.Supp. 594, 596(1) (E.D.Mo.1974); Grady v. Iowa State Penitentiary, 346 F.Supp. 681, 683(5) (N.D. Iowa 1972). The same holds for the Missouri Constitution: Petitioner's right to bail pending appeal derives solely from § 547.-170, V.A.M.S. and Rule 28.11, V.A.M.R., Ex parte Carey, 306 Mo. 287, 267 S.W. 806, 807(1) (Mo. banc 1924). Second, the unwillingness of private bondsmen to underwrite Petitioner's release can in no way subvert the legality of his confinement, which is the sole issue in a habeas corpus proceeding. E.W. v. K.D.M., 479 S.W.2d 167, 169(1) (Mo.App.1973); Rice v. Gray, 225 Mo.App. 890, 34 S.W.2d 567, 571(6) (1930).

Irrespective of the reasonableness vel non of the bail set herein, Petitioner is only entitled to such bail under the above authorities "where an appeal or writ of error is prosecuted from a judgment in a criminal cause" [§ 547.170] or "pending an appeal." R. 28.11. An examination of the whole record in the instant case, after a full and fair hearing, suffices to establish that no valid appeal on Petitioner's part is presently pending before this Court.

Petitioner's purported Notice of Appeal was filed in the Circuit Court on January 3, 1975. It arrived at this Court, however, sans either the required docket fee [R. 81.04] [1] or an order permitting Petitioner to prosecute his appeal in forma pauperis. While it appears that Petitioner did file a forma pauperis application in the trial court, and an order allowing him to appeal as a poor person was in fact entered, this was not done until January 8, 1975, which is beyond the ten-day limit for

---

1. Rule 28.03 provides that, in criminal cases, "An appeal shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases."

filing notices of appeal [R. 81.04], and no application has been made to this Court for an order permitting filing of a Notice of Appeal out of time under R. 28.07. The timely filing of an adequate Notice of Appeal is a jurisdictional requirement [State v. Clemmons, 416 S.W.2d 68, 70–71 (Mo. 1967)], and it has often been held that there can be no valid filing of a Notice of Appeal until the docket fee has been paid or waived. State ex rel. Johnson v. Burks, 463 S.W.2d 586, 588(3) (Mo.App.1971); State v. Brookshire, 400 S.W.2d 61, 63(2) (Mo.1966); Alberswerth v. Lohse, 232 S. W.2d 213, 214 (Mo.App.1950); Kattering v. Franz, 360 Mo. 854, 231 S.W.2d 148, 149(2) (1950). We are thus constrained to hold that Petitioner has no valid appeal pending in the instant cause.

In the absence of a valid appeal, Petitioner has no claim to release on an appeal bond. Hence the writ of habeas corpus previously issued by this Court is hereby quashed, and Petitioner is remanded to the custody of Respondent.

All concur.