In the Interest of B.W.B., a minor,
A male child under seventeen
years of age,

A.M.P. and B.W.P., Appellants,

v.

Missouri Division of Family Services
and Barry County Juvenile
Office, Respondents.

No. 24369.

Missouri Court of Appeals,
Southern District,
Division One.

May 9, 2002.

Richard L. Colbert, Kansas City, for Appellants.

Teresa Rieger Housholder, Dept. of Social Services, Jefferson City, for Respondents.

KERRY L. MONTGOMERY, Judge.

A.M.B.P. (Mother) appeals from a judgment terminating her parental rights to B.W.B., a male child born May 9, 1998. B.W.P., the presumptive father, also appeals from the same judgment which determined that he is not the biological father of B.W.B. The Missouri Department of Social Services, Division of Family Services (DFS), commenced this action pursuant to § 211.447[1] in the Juvenile Division of the Circuit Court of Barry County, Missouri.

DFS, via a motion to dismiss the appeal, contends that Appellants[2] cannot maintain their appeal because they failed to timely file their notice of appeal. As a result, DFS claims this Court lacks jurisdiction to proceed. We agree.

■ As a preliminary matter, we observe that DFS's motion to dismiss contains several exhibits supporting its position which are not found in the legal file. "Matters dehors the record are not consid-

---

1. Statutory references are to RSMo 2000 unless otherwise indicated.

2. We identify Mother and B.W.P. collectively as Appellants.

ered in the course of appellate review." *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 561 (Mo.App.1996). Therefore, our recitation of the relevant events is gleaned solely from the legal file as presented by Appellants.

According to the record and in chronological order, we set forth the following events:

| May 21, 2001 | Judgment entered as described herein. |
|---|---|
| June 15, 2001 | "Motion for Reconsideration or Alternatively a Motion for a New Trial" filed |
| June 28, 2001 | Motion denied |
| July 17, 2001 | Notice of Appeal filed and mailed to Court of Appeals [3] |
| July 19, 2001 | Notice of Appeal filed in this Court and docket fee paid [4] |

■ "The timely filing of the notice of appeal is a jurisdictional requirement." *K.W. v. Missouri Division of Family Services*, 694 S.W.2d 915, 917 (Mo.App.1985). Whether Appellants timely filed their notice of appeal must first be analyzed beginning with Juvenile Court Rule 119.07 [5] which, in pertinent part, reads:

a. Upon motion of any party made not later than ten days after entry of judgment, the court may amend or correct the judgment.

b. The court retains control over judgments during the thirty-day period after entry of judgment and may vacate, reopen, correct or amend its judgment for good cause within that time.

Here, the judgment was entered on May 21, 2001, but Appellants failed to file their motion to amend (reconsider) not later than ten days thereafter. However, Appellants also filed a motion for new trial. In *In Interest of A.K.L. v. D.C.*, 942

S.W.2d 953 (Mo.App.1997), this Court held that because Juvenile Court Rule 119 is silent on the filing of a motion for new trial, Juvenile Court Rule 110.04 directs that a motion for new trial be governed by Rules 41 through 101. *Id.* at 956. Therefore, we concluded that a motion for new trial filed within thirty days of the juvenile court's judgment was timely filed pursuant to Rule 73.01(a)(4), Missouri Rules of Civil Procedure (1995). *Id.* The current version of Rule 73.01(d) provides that a party may file a motion for new trial "as provided by Rule 78.04." Under this rule, a motion for new trial "shall be filed not later than thirty days after the entry of judgment."

■ Accordingly, *A.K.L.* shows that Appellants timely filed their motion for new trial on June 15, 2001, which was within thirty days of the entry of judgment. After the motion for new trial was overruled on June 28, 2001, Rule 81.05 reveals when the judgment became final for the purposes of appeal. In pertinent part, Rule 81.05 provides:

(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

Therefore, the judgment in this case became final on June 28, 2001, because this

---

**3.** The circuit clerk's memorandum on the Notice of Appeal recites it was mailed to this Court on "17 July 2001" along with Appellant's docket fee.

**4.** We are entitled to take judicial notice of our own records, *Perkel v. Stringfellow*, 19 S.W.3d

141, 149 n. 9 (Mo.App.2000), and do so in this case.

**5.** Rule references are to Missouri Court Rules (2001), unless otherwise indicated.

date is later than thirty days after the entry of judgment on May 21, 2001. *See* *A.K.L.*, 942 S.W.2d at 957.

Rule 81.04(a) provides that no appeal shall be effective unless the notice of appeal is filed no later than ten days after the judgment becomes final. As noted, the judgment became final on June 28, 2001. Appellants' notice of appeal was filed more than ten days after that date. It was not timely filed.

The notice of appeal in the legal file contains a file stamp of July 6, 2001, which is contrary to the docket entry showing the notice of appeal was filed on July 17, 2001. However, the docket fee was not paid until July 17, 2001, as reflected by the clerk's memorandum on the notice of appeal filed in this Court. We received the notice of appeal and docket fee on July 19, 2001.

Rule 81.04(c) provides that no clerk shall accept or file a notice of appeal unless:

(1) The docket fee is deposited therewith; or

(2) The appellant is not required by law to pay the docket fee; or

(3) An order permitting the appellant to prosecute the appeal in forma pauperis accompanies the notice of appeal.

Because Appellants paid the docket fee, conditions (2) and (3) of the rule are not relevant to this case. In *A.K.L.*, this Court concluded that no notice of appeal was filed on a particular date because of the failure to pay the docket fee as required by Rule 81.04(c). 942 S.W.2d at 957.

As in *A.K.L.*, we conclude the notice of appeal was not filed in this case on July 6, 2001, because the docket fee was not paid until July 17, 2001. The docket entry shows the notice of appeal was filed that date which is consistent with the circuit clerk following the mandate of Rule 81.04(c). Appellants do not contend in their brief that they filed their notice of appeal and paid the docket fee earlier than July 17, 2001, and they filed no response to DFS's motion to dismiss. Therefore, in light of the requirements of Rule 81.04(c) and the record before us, we can only determine that Appellants' notice of appeal was untimely filed. Accordingly, this Court has no jurisdiction to hear the appeal.

Appeal dismissed.

SHRUM, P.J., and BARNEY, C.J., concur.