**Bryant MOORE, Jr., by his Next Friend and Father, Bryant MOORE, Sr., et al., Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY, Respondent.**

No. SC 85649.

Supreme Court of Missouri,
En Banc.

April 27, 2004.

John D. Warner, Jr., Jeffrey P. Gault, Richard E. Banks, Vincent A. Banks, III, Clayton, for appellant.

T. Michael Ward, James E. Whaley, St. Louis, for respondent.

MICHAEL A. WOLFF, Judge.

**Introduction**

Bryant Moore, Jr. filed a personal injury action against Bi–State Development Agency. The jury awarded Moore $7.75 million. The trial court reduced the judgment to $3.89 million. Bi–State appealed. Moore purported to file a notice of cross-appeal but did not pay the requisite docket fee. The court of appeals affirmed the $3.89 million judgment, and Moore sought post-judgment interest pursuant to section

---

408.040.1.[1] The trial court found that Moore was not entitled to post-judgment interest because he had filed a cross-appeal.

Although Moore's notice of cross-appeal and brief, including discussion of the issue on cross-appeal, were received by the court, the notice of cross-appeal was never actually filed because the docket fee was not paid in a timely manner.

Moore was entitled to post-judgment interest. The judgment of the trial court denying post-judgment is reversed, and the case is remanded.

## The Trial Court's Judgment and This Court's Review

Moore argues that the judgment entered in accordance with the trial court's order in January 2003, sustaining Bi–State's "Motion for Order of Complete Satisfaction of Judgment" and overruling "Moore's Motion for Order Compelling Defendant to Pay Interest," erroneously declared and applied the law. The circuit court concluded that Moore filed a cross-appeal and, thus, forfeited his right to interest on the $3.89 million judgment. Because his notice of cross-appeal was not accompanied by the requisite docket fee, Moore contends that the notice was not sufficient to vest jurisdiction of the cross-appeal in the court of appeals.

The standard of review for any case tried by the court without a jury is whether the circuit court's judgment "erroneously declares the law, or ... erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 30 (Mo.banc 1976). In cases involving questions of law, the appellate court reviews the trial court's determination independently, without deference to that court's conclusions. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

## Moore's Attempt to Cross–Appeal

Bi–State filed its notice of appeal on August 15, 2001. Two days later, Moore delivered to the court a document entitled, "Notice of Appeal" but did not pay a docket fee with that document. On March 29, 2002, the court of appeals accepted Moore's brief that responded to Bi–State's appeal and that also asserted his issue on cross-appeal. Moore filed a second document on April 4, 2002, entitled "Notice of Appeal" and paid the docket fee with this second "Notice of Appeal."

The court of appeals in July 2002 issued its opinion affirming the trial court's judgment. *Moore by Moore v. Bi–State Development Agency*, 87 S.W.3d 279, 294 (Mo. App.2002). That court held that Moore's first notice of cross-appeal was of no effect because of the failure to file the docket fee. The second notice of cross-appeal and payment of the docket fee was untimely, the court of appeals held, and, therefore, did not cure the defect in his original timely notice. *Moore*, 87 S.W.3d at 296. Because no valid notice of cross-appeal was filed, the court of appeals struck the portion of Moore's brief that contained his point on cross-appeal without considering the merits of that argument. *Id.*

---

1. Unless otherwise indicated all statutory references are to RSMo 2000.

Section 408.040.1 provides: Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

### Payment of the Judgment and Request for Postjudgment Interest

Bi–State paid Moore $3.89 million in December 2002. Upon receipt of the funds, Moore filed a document entitled "Partial Satisfaction of Judgment." Bi–State then filed its "Motion for Order of Complete Satisfaction of Judgment" arguing that Moore had forfeited his right to receive post-judgment interest because Moore filed a notice of cross-appeal. The trial court granted Bi–State's motion and held that Moore was not entitled to post-judgment interest. Moore appealed the denial of post-judgment interest. After opinion in the court of appeals, this Court granted transfer. This Court has jurisdiction pursuant to Mo. Const. art. V, sec. 10.

### Application of Section 408.040.1

Section 408.040.1 provides a judgment creditor the right to collect interest on the judgment from "the day of rendering ... until satisfaction be made...." The statute does not contain an explicit exception for cases where a judgment creditor, such as Moore, cross-appeals. Courts infer that the statute's purpose is to compensate a judgment creditor for the judgment debtor's delay in satisfying the judgment pending the judgment debtor's appeal. *See, e.g. State ex rel. Southern Real Estate and Financial Co. v. City of St. Louis,* 234 Mo.App. 209, 115 S.W.2d 513, 515 (1938) (interpreting section 2841 RSMo 1929, the precursor to section 408.040). Following that reasoning, *Land Clearance Authority v. Kansas University,* 831 S.W.2d 649 (Mo. App.1992), and *Investors Title Co. v. Chicago Title Ins.,* 18 S.W.3d 70 (Mo.App. 2000), hold that when a judgment creditor cross-appeals a judgment in his favor on the grounds of inadequate recovery, the judgment creditor is not entitled to post-judgment interest. The reasoning is that the cross-appeal is a cause of delay in the judgment debtor's satisfaction of the judgment against it.[2]

Moore, however, did not have a valid cross-appeal. This Court does not reach the question of whether a cross-appeal bars a judgment creditor from receiving post-judgment interest under section 408.010.1. Even though the court received Moore's timely notice of cross-appeal and accepted his brief that contained both his response to Bi–State's appeal and the argument of his cross-appeal issue, without the docket fee, no valid cross-appeal was ever filed. *See, Kattering v. Franz,* 360 Mo. 854, 231 S.W.2d 148, 150 (1950). In effect, the court of appeals had only Bi–State's appeal before it.

### Conclusion

Moore is entitled to post-judgment interest pursuant to section 408.040.1. The judgment of the trial court is reversed, and the case is remanded.

All concur.

---

**2.** *But see, Scullin Steel Co. v. PACCAR, Inc.,* 748 S.W.2d 910 (Mo.App.1988), and *Ohlendorf v. Feinstein,* 670 S.W.2d 930 (Mo.App. 1984) (judgment creditors were allowed to obtain post-judgment interest under section 512.160.4, RSMo 1994).