Nancy DEEVER, Employee–
Respondent,

v.

KARSCH & SONS, INC., Employer–
Appellant,

and

Benchmark Insurance,
Insurer/Additional
Party.

No. 25910.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 2004.

Jason D. McKnight, St. Louis, for Appellant.

Randy Charles Alberhasky, The Alberhasky Law Firm, P.C., Springfield, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Karsch & Sons, Inc. ("Employer") appeals from the final award issued by the Labor and Industrial Relations Commission, affirming the decision of the Administrative Law Judge ("ALJ"), and awarding Nancy Deever ("Respondent") total compensation benefits of $24,159.38. Respondent filed a motion to dismiss the appeal. We grant Respondent's motion.

This is a workers' compensation case stemming from a claim filed by Respondent as a result of an alleged work-related accident on September 19, 1999. Respondent worked in the bakery section at Employer's grocery store in Ava, Missouri. Her job required that she lift fifty pound buckets of glaze used for donuts, an activity that caused a physical strain on Respondent. On September 19, 1999, as Respondent was lifting a bucket of glaze off of a platform, she felt a "pop and [Respondent] could feel something fall out" in her pelvic area. She continued to work that day without reporting the injury, but reported the injury to her supervisor two days later, and he sent her to Dr. Dale E. Wheeler ("Wheeler"). She saw Dr. Wheeler on October 6, 1999, who diagnosed her with a vaginal prolapse and a possible rectal prolapse. Dr. Wheeler referred her to a gynecologist, Dr. Elizabeth Campbell ("Dr.Campbell"), and noted on his form that she suffered a "Work[-]related injury/illness" and checked that she was unable to work. Dr. Campbell saw Respondent on October 27, 1999, and recommended surgery. Respondent did not return to work at Employer's store, and approximately two weeks after the accident, Employer's store where Respondent worked went out of business.

Respondent testified that she requested treatment from Employer on several occasions over the next year before being sent to Dr. Ted A. Lennard ("Dr. Lennard"). She attended three conferences before the Division of Workers' Compensation where she signed medical records authorization forms, gave a statement, and informed Employer of a vaginal prolapse and surgery that occurred prior to this injury. Dr. Lennard initially believed that Respondent suffered a work-related injury, but he subsequently changed his opinion. After learning this, Respondent sought treatment on her own through the John L. McClellan Memorial Veterans' Hospital in Little Rock, Arkansas and underwent surgery to repair the prolapse in June of 2001.

Respondent filed a claim for compensation with the Division of Workers' Compensation and a hearing was held before the ALJ on August 12, 2002. The ALJ found in favor of Respondent and awarded her $3,065.76 for past medical expenses, $15,280.42 in temporary total disability benefits, and $5,813.20 in permanent partial disability benefits. On April 22, 2003, Employer filed its application for review with the Division of Workers' Compensation pursuant to Section 287.480.[1] The Labor and Industrial Relations Commission ("Commission") found that the award of the ALJ was supported by competent and substantial evidence and affirmed that award on September 9, 2003. Employer filed its notice of appeal with the Commission on October 9, 2003, and remitted a draft for $50. Five days later, Employer remitted $20 more. On November 10, 2003, Respondent moved to dismiss the appeal on the basis that the full docket fee, $70, was not paid within thirty days of the final award. We directed that the motion

1. All statutory references are to RSMo (2000) unless otherwise specified.

would be decided when the case was submitted for decision.

Section 287.495 governs appeals from final awards of the Commission. It states that an award is conclusive and binding unless either party appeals the award to the appellate court within thirty days. Section 287.495.1. The notice of appeal shall be filed with the Commission, and the Commission shall provide the transcripts and all court documents to the court of appeals. *Id.* At the time the notice of appeal was filed with the Commission, a docket fee of $50 was required by Rule 81.04(c).[2] Furthermore, Section 488.031.1, RSMo Cum.Supp. (2004), in effect at the time that this appeal was filed, stated that "[i]n addition to other fees authorized by law, the clerk of each court shall collect the following fees on the filing of any civil or criminal action or proceeding, including an appeal . . .: Supreme Court and courts of appeals $20.00[.]"

■ In Missouri, paying of the docket fee is a jurisdictional requirement for an effective appeal. *Moore ex rel. Moore v. Bi–State Dev. Agency,* 87 S.W.3d 279, 296 (Mo.App. E.D.2002).[3] Numerous cases have held that "there can be no valid filing of a notice of appeal until the docket fee is paid." *Kattering v. Franz,* 360 Mo. 854, 231 S.W.2d 148, 150 (1950); *see also Bussell ex rel. Bussell v. Tri–Counties Humane Soc.,* 125 S.W.3d 348, 350 (Mo.App. E.D.2004); *Alberswerth v. Lohse,* 232 S.W.2d 213, 214 (Mo.App.St.L.1950). We do not find any reason to distinguish between the docket fee required by Rule 81.04(c) and the surcharge required by Section 488.031.1, RSMo Cum.Supp.

(2004). Therefore, we find that payment of the full fee as required by law is a jurisdictional requirement for a valid notice of appeal.

■ The Commission's final award was issued on September 9, 2003. It was to become binding and conclusive unless it was appealed by October 9, 2003. *See* Section 287.495. Only $50 was paid to the Commission when the notice of appeal was filed on October 9, 2003. An additional $20 was paid five days later, on October 14, 2003. The notice of appeal filed by Employer on October 9, 2003 was not effective because the entire docket fee had not been paid. By the time the full docket fee had been paid, the time for appeal of the final award of the Commission had passed. Employer, therefore, did not pay the entire docket fee before the time for appeal had expired.

Employer argues that it had not recognized that the docket fee had increased, and when it did so, it immediately forwarded the rest of the docket fee to the Commission. Employer also claims that the delay was excusable and was not a result of culpable negligence. However, the cases cited above are clear that payment of the full docket fee is a requirement for a valid notice of appeal.

Rule 81.04(c) only provides for limited exceptions, namely that the fee is not required when appellant is not required by law to pay it and when the notice is accompanied by an order allowing the appellant to appeal in forma pauperis. The exceptions contained in Section 488.031, RSMo

---

2. All rule references are to Missouri Rules of Civil Procedure (2003) unless otherwise noted.

3. Following the decision in *Moore,* 87 S.W.3d 279, a dispute arose between the parties regarding post-judgment interest. This dispute led to another appeal, *Moore v. Bi–State Dev. Agency,* No. 82467, 2003 WL 22004913 (E.D. filed August 26, 2003), which was then superseded by *Moore v. Bi–State Dev. Agency,* 132 S.W.3d 241, 242–43 (Mo. banc 2004) (citing *Moore,* 87 S.W.3d 279 with approval).

Cum.Supp. (2004), are when the case involves traffic offenses that are not alcohol related, when a criminal proceeding or defendant has been dismissed by the court, or when costs are waived or are to be paid by the state, county, municipality, or other political subdivision of this state. None of these exceptions apply to Employer.

The Respondent's motion to dismiss the appeal is granted.

RAHMEYER, J., concurs.

PREWITT, J., dissents in separate opinion.

JAMES K. PREWITT, Judge, dissenting.

I respectfully dissent. I would not grant the motion to dismiss the appeal but would decide the matter on the merits. Based on our limited review, I would affirm the decision of the Commission.

Rule 100.02(b) requires that a docket fee in the amount specified in Rule 81.04(c) is to be deposited with the Commission at the time of filing a notice of appeal under § 287.495, RSMo 2000. That occurred here. The docket fee required by Rule 81.04(c) until July 1, 2004, was fifty dollars. Presently, it is seventy dollars.

Section 488.031.1 provides that "[i]n addition to other fees authorized by law, the clerk of each court shall collect the following fees ... courts of appeals $20.00[.]" The statute includes these "surcharges" on appeals but does not make it a requirement of the Labor and Industrial Relations Commission to collect such. It only provides that the clerk of the court shall do so and, in this situation, does not say when.

As the majority opinion points out, cases hold that the payment of a docket fee is jurisdictional, but the "docket fee" is that provided by the rule and not the "surcharges" of the statute. Under the statute, the clerk of this court may have had an obligation to collect the additional twenty dollars, but not the Commission. Of course, the time for filing the appeal may well have expired before this court and its clerk received information indicating that an appeal was filed. Under § 287.495, RSMo 2000, the notice of appeal is filed with the Commission, which under Rule 100.02(b) is also to receive the docket fee, and it did.

Appellant complied with the rules and, in my view, did not violate the statute. I do not think that the cases relied on by the majority cover this situation and would consider and deny the appeal on its merits.