STATE of Missouri ex rel. Roxie ANDERSON, and Department of Social Services, Division of Child Support Enforcement, Petitioners–Respondents,

v.

Woodrow ANDERSON, Respondent–Appellant.

No. 27193.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 2006.

Woodrow Anderson, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO., and Mayme Miller, Assistant Attorney General, Cape Girardeau, MO, for Respondent.

GARY W. LYNCH, Judge.

In 2003, Woodrow Anderson (Appellant) filed a Petition in the Circuit Court of Mississippi County seeking injunctive relief and damages against "Department of Social Service, Director, Division of Child Support Enforcement" (Respondent). By docket entry, the petition was thereafter dismissed by the trial court. More than two years after the dismissal, Appellant filed a "Motion for Relief From Judgment, and Reconsideration of Petition's [sic] Injunctive Relief of Income Withholding Orders" which was also denied by the trial court. Appellant appeals this latter denial.

We dismiss Appellant's appeal for lack of jurisdiction.

### 1) *Procedural Background*

Appellant filed a "Petition for Injunctive Relief of Income Withholding Orders" on April 3, 2003. Twenty days later, the following docket entries appear on the docket sheet: "Dismiss by Ct w/ Prejudice" and "Comes now Child Support Enforcement Unit by Kenneth Richardson, Attorney appears; Respondent appears not. Motion to Dismiss the Petition that was filed by the Respondent was Granted. X_____[.]" Over two years later on June 8, 2005, Appellant filed a "Motion for Relief from Judgment, and Reconsideration of Petition's [sic] Injunctive Relief of Income Withholding Orders[.]" In this motion, Appellant prayed:

> [T]his Honorable Court will grant his relief from the Judgment of Dismissal entered in the above-entitled case. Petitioner [sic] asserts that the Dismissal With Prejudice entered by this court on April 23, 2003 was a mistake, and violates his Due Process Rights to be heard in a meaningful way and at a meaningful time.

By document signed by the trial court, denominated "Judgment and Order," and dated June 20, 2005, the trial court denied the "Motion for Relief From Judgment, And Reconsideration of Petition's [sic] Injunctive Relief of Income Withholding Orders."

Four days later on June 24, 2005, the trial court clerk received from Appellant a Notice of Appeal of the judgment dated "6–20–2005." The docket sheet indicates that the Notice of Appeal was accompanied with a "Mot to Proc In Forma Pauperis" and "Forma Pauperis Affidavit," both of which were received and filed by the clerk along with the purported filing of the Notice of Appeal. However, nothing in the record indicates that the Notice of Appeal was accompanied by the required docket fee or an order permitting Appellant to prosecute the appeal *in forma pauperis.* On July 15, 2005, Appellant filed a second "Mot to Proc In Forma Pauperis." Three days later the trial court entered a docket entry providing that: "Motion to Proc in Forma Pauperis has been Denied." The trial court clerk received the $70.00 docket fee from Appellant on August 9, 2005.

### 2) *No Jurisdiction Over Appeal Due to Untimely Filing of Notice of Appeal*

■ "A reviewing court has a duty to determine its jurisdiction sua sponte." *Sassmann v. Kahle,* 18 S.W.3d 1, 2 (Mo. App.2000) (citing *Chromalloy American Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997)). "The timely filing of an adequate Notice of Appeal is a jurisdictional requirement." *In re Application of Holt,* 518 S.W.2d 451, 453 (Mo.App.1975). Our court has stated:

> In Missouri, paying of the docket fee is a jurisdictional requirement for an effective appeal. *Moore ex rel. Moore v. Bi–State Dev. Agency,* 87 S.W.3d 279, 296 (Mo.App. E.D.2002). Numerous cases have held ·that "there can be no valid filing of a notice of appeal until the docket fee is paid." *Kattering v. Franz,* 360 Mo. 854, 231 S.W.2d 148, 150 (Mo. 1950); see also *Bussell ex rel. Bussell v. Tri–Counties Humane Soc.,* 125 S.W.3d 348, 350 (Mo.App. E.D.2004); *Alberswerth v. Lohse,* 232 S.W.2d 213, 214 (Mo.App.St.L.1950).

*Deever v. Karsch & Sons, Inc.,* 144 S.W.3d 370, 372 (Mo.App.2004).[1] Rule 81.04(c)

---

1. As noted in *Deever:* "Following the decision in *Moore,* 87 S.W.3d 279, a dispute arose between the parties regarding post-judgment interest. This dispute led to another appeal,

prohibited a trial court clerk from accepting or filing a notice of appeal unless: (1) it is accompanied by the docket fee; (2) the appellant is not required by law to pay the docket fee; or (3) it is accompanied by "an order permitting the appellant to prosecute the appeal in forma pauperis." [2]

■ Appellant appeals the judgment and order entered by the trial court on June 20, 2005. Rule 81.05(a)(1) states, in pertinent part: "For the purpose of ascertaining the time within which an appeal may be taken: (1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." No after-trial motion was filed in this case, so the judgment became final on July 20, 2005; the thirtieth day after entry.[3] A notice of appeal must be filed "not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). Ten days after July 20, 2005 was Saturday, July 30, 2005. Falling on a Saturday, the last day to file a timely notice of appeal was extended to the following Monday, August 1, 2005. Rule 44.01(a).

Appellant tendered to the trial court clerk a Notice of Appeal on June 24, 2005, without any docket fee as required by Rule 81.04(c)(1) and without any order permitting Appellant to appeal *in forma pauperis* as provided by Rule 81.04(c)(3). The only remaining authority for the clerk to accept and file the tendered Notice of Appeal would be if Appellant was "not required by law to pay the docket fee" under Rule 81.04(c)(2).

The Prisoner Litigation Reform Act (PLRA) contained in §§ 506.360 to 506.390 is the only law that would afford Appellant any relief from the required payment of the docket fee.[4] Nothing in the record indicates that either of Appellant's motions to proceed *in forma pauperis* was brought under and in compliance with the PLRA.[5] However, even if either was brought under this act, the denial of the motions by the trial court on July 18, 2005 was a determination that Appellant was able to pay the full amount of the court costs and that he was not entitled to the benefits of the act. § 506.369. Appellant acknowledged and

*Moore v. Bi–State Dev. Agency,* 2003 WL 22004913, 2003 Mo.App. LEXIS 1339, No. 82467 (E.D. filed August 26, 2003), which was then superseded by *Moore v. Bi–State Dev. Agency,* 132 S.W.3d 241, 242–43 (Mo. banc 2004) (citing *Moore,* 87 S.W.3d 279 with approval)." *Deever,* 144 S.W.3d at 372 n. 3.

**2.** All references to rules are to Missouri Court Rules (2005), unless otherwise indicated.
Rule 81.04(c) [now Rule 81.04(d), effective January 1, 2006] provides:
(c) Docket Fees. The appellate court docket fee is $ 70. It shall be paid to the trial court clerk when the notice of appeal is filed.
No trial court clerk shall accept or file a notice of appeal unless:
(1) The docket fee is deposited therewith; or
(2) The appellant is not required by law to pay the docket fee; or
(3) An order permitting the appellant to prosecute the appeal in forma pauperis accompanies the notice of appeal.

**3.** This assumes that the "Judgment and Order" entered by the trial court on June 20, 2005, meets all other prerequisites for a final judgment. We do not address this issue because if it is not a final judgment we likewise would have no jurisdiction to entertain this appeal. "The right to appeal is statutory, and an appeal may only be taken from a final judgment." *Sassmann,* 18 S.W.3d at 2. "Until there is a final judgment, this court lacks jurisdiction to consider the merits of an appeal." *Id.*

**4.** All references to statutes are to RSMo (2000), unless otherwise indicated.

**5.** Section 506.366 requires that a request to proceed without the prepayment of fees "shall include a certified copy of the offender's correctional center account statement[.]" The record is silent on Appellant's compliance with this requirement.

confirmed this finding by payment of the docket fee on August 9, 2005.

Therefore, by the terms of Rule 81.04(c), the trial court clerk was explicitly prohibited from filing the tendered Notice of Appeal on June 24, 2005. *See In re B.W.B.,* 73 S.W.3d 894, 896 (Mo.App.2002). Only when the Notice of Appeal was accompanied by the required docket fee on August 9, 2005 was it capable of being accepted for filing and was, in fact, legally filed. *Id.* Because the last day to timely file a Notice of Appeal was August 1, 2005, the filing on August 9, 2005, being eight days too late, was untimely.

### 3) *Filing and Denial of Motions to Proceed In Forma Pauperis of No Effect*

■ Appellant filed two motions for leave to proceed *in forma pauperis* which were denied by the trial court on July 18, 2005. The facts in the instant case are analogous to, but less compelling than, those in *Holt,* 518 S.W.2d 451. Holt sought a writ of habeas corpus from this court in an attempt to secure a bond for his release from jail pending his appeal from a conviction in a criminal case. *Id.* at 452. At that time, criminal appeals were "taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." *Id.* This court refused to grant the writ because the purported appeal in the criminal case was invalid, in that Holt had not filed a timely notice of appeal due to failing to pay the docket fee or to file an

order allowing him to proceed *in forma pauperis. Id.* at 453. We noted:

> While it appears that [Holt] did file a forma pauperis application in the trial court, and an order allowing him to appeal as a poor person was in fact entered, this was not done until January 8, 1975, which is beyond the ten-day limit for filing notices of appeal, and no application has been made to this Court for an order permitting filing of a Notice of Appeal out of time[.] (internal citation omitted)

*Id.* at 452–53. Holt, like Appellant, filed a motion for leave to proceed *in forma pauperis* before the time period within which to file a notice of appeal expired, but, unlike in the instant case, the trial court granted the motion, albeit after the time for filing a notice of appeal had expired. If granting leave to proceed *in forma pauperis* after the time for filing a notice of appeal has expired does not have any impact upon our determination of lack of jurisdiction, it certainly follows that the trial court's denial of leave to proceed *in forma pauperis* before the expiration of such time period would not grant Appellant any relief either. We note, as the court in *Holt* noted, that Appellant has not made an application to this Court under Rule 81.07(a) for a special order permitting a late filing of the Notice of Appeal.[6]

### 4) *Decision*

Without a timely filed Notice of Appeal, we lack jurisdiction to entertain or hear

---

6. Rule 81.07(a) provides, in part:
   When an appeal is permitted by law from a final judgment in the trial court, but the time prescribed for filing an ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. The special order may be allowed by the appellate court only

upon motion with notice to the adverse parties filed within six months from the date of final judgment, and only upon a showing by affidavit, or otherwise, that the delay was not due to appellant's culpable negligence. A copy of the final judgment from which the appeal is sought shall be attached to any such motion[.]
We further note that the time for filing a motion under this rule has expired.

this appeal and, therefore, the only disposition available is to dismiss the appeal. *Bussell,* 125 S.W.3d· at 350. We dismiss Appellant's appeal for lack of jurisdiction.

RAHMEYER, P.J., and PARRISH, J., concur.