**Edward LAWRENCE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 71214.**

Missouri Court of Appeals,
Western District.

March 30, 2010.

Application for Transfer Denied
Aug. 31, 2010.

Edward Lawrence, Appellant pro se.

Andrew W. Hassell, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

---

JOSEPH M. ELLIS, Judge.

Edward Lawrence appeals from the circuit court's dismissal of his declaratory judgment action. Because Lawrence's appeal was untimely filed, we dismiss his appeal.

Lawrence was convicted of capital murder and murder in the first degree and sentenced to consecutive terms of life imprisonment without parole for fifty years. Lawrence's convictions and sentence were affirmed on appeal. *State v. Lawrence,* 700 S.W.2d 111, 112 (Mo.App. E.D.1985). Lawrence also challenged his sentence in a Rule 27.26 motion, which was denied and affirmed on appeal. *Lawrence v. State,* 750 S.W.2d 505, 507 (Mo.App. E.D.1988).

On June 12, 2006, Lawrence filed a petition for declaratory judgment, requesting that § 565.001 RSMo 1977, the statute supporting his conviction for capital murder, be declared unconstitutional. The State filed a motion to dismiss and, on June 9, 2008, the circuit court dismissed Lawrence's motion and held that Lawrence could not challenge his conviction and sentence in a declaratory judgment action. Lawrence then filed a motion to strike on June 13, 2008, requesting the circuit court strike its order dismissing his claim and to consider the merits of his action. Lawrence's motion was denied on July 14, 2008.

On June 19, 2008, Lawrence attempted to file a notice of appeal to the Missouri Supreme Court. Along with his notice of appeal, Lawrence attached a motion for leave to appeal *in forma pauperis.* However, Lawrence was informed on June 25, 2008, by letter from the deputy clerk of Cole County, that he failed to include a filing fee or a certified copy of his correctional center account statement in order to proceed as a pauper. The letter informed Lawrence that his notice to appeal was not filed.

On April 10, 2009, Lawrence's complete notice of appeal paperwork was filed, including Lawrence's correctional center account statement from the previous six months. On April 13, 2009, Lawrence was ordered to pay an $8 filing fee with his notice of appeal. On July 2, 2009, the Supreme Court transferred the appeal to this Court.

We are without the authority to consider the merits of Lawrence's appeal because his appeal was untimely filed. We dismiss his appeal.

Lawrence's first attempt to appeal from the circuit court's dismissal of his declaratory judgment action, on June 19, 2008, was not complete because he did not provide the circuit court with the required documents to proceed *in forma pauperis.* Rule 81.04(d) provides that the circuit court clerk shall not accept or file a notice of appeal unless the docket fee is deposited with the clerk, the appellant is not required by law to pay the docket fee, or an order permitting the appellant to prosecute the appeal *in forma pauperis* accompanies the notice of appeal.[1] Because Lawrence did not include a filing fee and there was no order permitting him to appeal *in forma pauperis,* Lawrence's only relief from the required filing fee was the Prisoner Litigation Reform Act (PLRA), found in §§ 506.360 to 506.390.[2] *State ex. rel. Anderson v. Anderson,* 186 S.W.3d 924, 926 (Mo.App. S.D.2006). Section 506.366 states:

An offender seeking to bring a civil action or to appeal a judgment in a civil

---

1. All rule citations are to the Missouri Rules of Civil Procedure 2009, unless otherwise indicated.

2. All statutory citations are to RSMo 2000, unless otherwise indicated.

action without the prepayment of fees or security due to indigency shall submit a request to the court to proceed without the prepayment of fees. The request shall include a certified copy of the offender's correctional center account statement, which shall be provided by the department of corrections for the six-month period immediately preceding the filing of the petition or notice of appeal.

Lawrence failed to comply with § 506.366 when he did not include a correctional center account statement with his notice of appeal on June 19, 2008. Accordingly, the attempted filing was properly rejected.

Lawrence's second attempt to appeal, on April 10, 2009, was untimely. Under Rule 81.04(a), the notice of appeal must be filed no later than ten days after the judgment becomes final. When a timely authorized after-trial motion is filed and ruled upon, the judgment is considered final on the date the motion was ruled upon or thirty days after the entry of judgment, whichever date is later. *Rule 81.05(a)(2)*.

In the case at bar, the circuit court dismissed Lawrence's action on June 9, 2008. Lawrence filed his motion to strike on June 13, 2008. Even if Lawrence's motion was an authorized after-trial motion, the judgment was final on July 14, 2008, the date the circuit court denied his motion to strike. Lawrence's notice of appeal was due ten days later and his April 10, 2009 filing was untimely.

Although we have jurisdiction over Lawrence's appeal, we lack the authority to hear the merits of his appeal because his appeal was untimely filed. *See, Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009); *Martin, Malec & Leopold, P.C. v. Denen*, 285 S.W.3d 383, 388–89 (Mo.App. E.D.2009).

Accordingly, we dismiss Lawrence's appeal.

All concur.