Jim HARRIS, Jr., Appellant,

v.

Ian WALLACE, et al., Respondent.

WD 78256

Missouri Court of Appeals, Western District.

OPINION FILED: March 28, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2017

Jim Harris, Appellant Pro Se.

Andrew T. Bailey and Stephen D. Hawke, Jefferson City, MO, for respondent.

Before Division Three: Karen King Mitchell, Presiding Judge, Victor C. Howard, Judge and Gary D. Witt, Judge

Gary D. Witt, Judge

Jim Harris, Jr. ("Harris") appeals from a judgment granting Warden Ian Wallace's ("DOC") summary judgment motion, finding that the Missouri Department of Corrections correctly calculated and awarded Harris jail time credit. Harris argues that he should have been awarded an additional 772 days of jail time credit for time he spent in the U.S. Marshal's custody. We dismiss Harris's appeal for lack of jurisdiction.

## Factual and Procedural History

Harris is serving a fifteen-year sentence from the Scott County Circuit Court for first-degree assault. Harris is also serving a total sentence of 300 months incarceration due to his conviction in federal court

for interference with commerce by threat of violence, possession of a firearm in furtherance of a crime of violence, and felon in possession of ammunition. The Scott County Circuit Court sentence runs concurrently with the federal sentences.

Harris received 103 days of jail time credit, which represented the days between the date of his arrest (February 18, 2010) and the date he was surrendered to the U.S. Marshal (April 19, 2010). On February 7, 2014, Harris filed a petition for declaratory judgment in the Cole County Circuit Court, alleging that he should have received 875 days of jail time credit, representing the period between the date of his arrest (February 18, 2010) and the day of sentencing by the Scott County Circuit Court (July 12, 2012). Harris acknowledged he had already received 103 days of jail time credit but demanded 772 more days of jail time credit.

DOC moved for summary judgment before the circuit court. The circuit court granted DOC's summary judgment motion, concluding that the DOC correctly calculated and awarded Harris jail time credit. Harris filed a notice of appeal, which was dismissed as untimely. Harris then filed a motion for late Notice of Appeal. The motion was granted and Harris was allowed to file a Notice of Appeal on or before March 13, 2015. Harris tendered a Notice of Appeal on February 24, 2015, without a docket fee, statement citing specific statutory authority demonstrating a docket fee is not required by law, or motion to prosecute the appeal *in forma pauperis*. On May 6, 2015, Harris filed a Notice of Appeal and a motion to prosecute the appeal *in forma pauperis*.

**Jurisdiction**

In every appeal, we are required to examine our jurisdiction *sua sponte*. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468 (Mo. banc 2011). "The timely filing of a notice of appeal is a jurisdictional requirement." *Relaxation, Inc. v. RIS, Inc.*, 452 S.W.3d 743, 751 (Mo. App. W.D. 2015). If the notice of appeal is untimely, we are without jurisdiction and must dismiss the appeal. *Id.*

Rule 81.04(e) states "[t]he trial clerk shall note on a notice of appeal the date it was received if it is accompanied by: (1) the docket fee; (2) a statement citing specific statutory or other authority demonstrating a docket fee is not required by law; or (3) a motion to prosecute the appeal *in forma pauperis*."[1] In Missouri paying the docket fee is a jurisdictional requirement for an effective appeal. *State ex rel. Anderson v. Anderson*, 186 S.W.3d 924, 925 (Mo. App. S.D. 2006) (citing *In re Application of Holt*, 518 S.W.2d 451, 453 (Mo. App. 1975)). "Numerous cases have held that 'there can be no valid filing of a notice of appeal until the docket fee is paid.'" *Id.*

Harris's Notice of Appeal was to be filed on or before March 13, 2015. The trial clerk was prohibited from filing the tendered Notice of Appeal on February 24, 2015 because it was without any docket fee, statement citing specific statutory authority demonstrating a docket fee is not required by law, or motion to prosecute the appeal *in forma pauperis*. Only when the Notice of Appeal was accompanied with the motion to prosecute the appeal *in forma pauperis* on May 6, 2015 was it legally filed. Because the last day to timely file a Notice of Appeal was March 13, 2015,

1. All rule references are to Missouri Supreme Court Rules as in effect on May 6, 2015,

Harris's filing date.

the filing on May 6, 2015, being 54 days too late, was untimely. We dismiss Harris's appeal for lack of jurisdiction.

### Conclusion

Harris's appeal is dismissed.

All concur