

# In the
# Missouri Court of Appeals
## Western District

FREDRICO LOWE BEY,

        Appellant,

v.

ANNE PRECYTHE, ET AL.,

        Respondents.

WD82602

OPINION FILED:

NOVEMBER 5, 2019

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Cotton Walker, Judge**

**Before Division Four: Karen King Mitchell, Chief Judge, Presiding, Gary D. Witt, Judge,
Anthony Rex Gabbert, Judge**

Fredrico Lowe Bey appeals the circuit court's denial of Bey's Petition for trial de novo after the circuit court dismissed with prejudice Bey's complaint against the Missouri Department of Corrections (DOC) and the Director of the DOC, Anne Precythe, alleging a violation of the Missouri Merchandising Practices Act. On appeal, Bey contends the motion court erred in dismissing his Petition for trial de novo as untimely. We reverse and remand.

## Background and Procedural Information

On August 27, 2018, Bey filed a petition in small claims in the Cole County Circuit Court alleging the DOC and Precythe violated the Missouri Merchandising Practices Act by conspiring

to sell defective televisions to Bey and other prison inmates. He also filed a motion and affidavit in support of his request to proceed as a poor person. On September 4, 2018, the court found Bey unable to pay the full amount of the filing fee of $40 and, pursuant to Section 506.369, RSMo 2016, found Bey must make an initial partial payment of $11.67 before any further proceedings would be had. The payment was to be remitted within thirty days of the order. Bey was to pay the balance of the fee in monthly installments until the fee was paid in full. The court received $15 on September 26, 2018, and summons were then issued to the defendants.

On December 10, 2018, the Cole County Circuit Court dismissed Bey's petition with prejudice for failure to state a claim. The court ordered that funds be withdrawn from Bey's correctional center account pursuant to the Prisoner Litigation Reform Act in the sum of $20 which the court determined to be the balance of costs due in the case.

Bey contends that he received the December 10, 2018, Judgment dismissing his complaint via prison mail on December 17, 2018. Bey then deposited into the prison mailbox a Petition for Trial De Novo on December 19, 2018. The record reflects that on December 26, 2018, the Circuit Clerk of Cole County sent Bey a letter stating that the office received his Petition for Trial De Novo "on Dec." The Clerk informed Bey that a $45 filing fee and separate service fee needed to be filed along with the Petition. Further, that if Bey desired to file as a "pauper" pursuant to Section 3 of the Prisoner Litigation Reform Act, the court could not accept filing of a civil action without a certified copy of Bey's correctional center account statement for the six months prior to the filing along with a motion to file as a pauper. The Clerk's notice stated that Bey's petition was being returned because he did not include a certified copy of his correctional center account statement. The court's docket entry on December 26, 2018, states: "Returning Trial De Novo to petitioner, he had no six month inmate account statement with filing."

2

A little more than a week later, Bey resubmitted his petition and "Plaintiff's Petition for Trial de Novo Section § 482.365 RSMo" was filed by the Clerk on January 7, 2019. There is no indication in the record that a filing fee, a request to proceed *in forma pauperis*, or Bey's correctional center account statement were included with that petition. Also filed January 7, 2019, was correspondence by Bey averring that inmates must wait several weeks to receive requested prison account statements from Jefferson City, that Bey would send his as soon as it was received, and that the Clerk may receive a payment of $45 from Bey's attorney. Additionally, Bey stated, among other things: "I'm once again asking you to provide me with those Forms needed, so that I could make sure my pleading are adequate, which I'm not sure when the DOC is going to provide me with the printout." On January 8, 2019, the Clerk mailed Bey an Application for Trial De Novo.

On January 29, 2019, the circuit court denied Bey's Petition for Trial De Novo on the grounds that**,** pursuant to Section 482.365, RSMo 2016, it was not filed within ten days after the Judgment dismissing Bey's merchandising practices claim was rendered. This appeal follows.

**Standard of Review**

We will affirm the circuit court's judgment unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 20, 32 (Mo. Banc 1976).

"Statutory interpretation raises a question of law that we review *de novo*." *State v. Eckert*, 491 S.W.3d 228, 231 (Mo. App. 2016). "The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." *State v. Graham*, 204 S.W.3d 655, 656 (Mo. banc 2006). "In determining the intent and meaning of statutory language, the words must be considered in context and sections of the statutes in pari

3

materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *State ex rel. Evans v. Brown Builders Elec. Co.*, 254 S.W.3d 31, 35 (Mo. banc 2008) (internal quotation marks and citations omitted).

## Point on Appeal

In his sole point on appeal, Bey contends that the circuit court erroneously dismissed his Petition for Trial De Novo under Section 482.365 as untimely because Section 482.365 does not require a correctional center account statement be filed with a petition. Respondents contend that Bey's petition was rightly rejected for failure to include an *in forma pauperis* motion, as well as a six-month correctional center account statement with the application. Respondents cite Missouri Supreme Court Rule 151.02 (2017) and state that "Filing fees, service fees, and sometimes bonds, are posted alongside the Petition for Trial De Novo to perfect and secure the request." Respondents also rely on Section 506.366 for the proposition that, either prepayment of filing fees or an *in forma pauperis* request along with a six-month account statement is required alongside filing to perfect the filing. Respondents contend that Bey's petition and accompanying paperwork were to be filed no later than December 20, 2018, and because Bey's petition was not filed until January 7, 2019, the court rightly dismissed Bey's petition as untimely.

Section 482.365.2, as relevant here, provides:

Any party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding, except a judgment by consent, may have a trial de novo. The right to trial de novo shall be perfected by filing an application for trial de novo with the clerk of the small claims court within ten days after the judgment is rendered.

By its plain terms, Section 482.365 requires no filing fee or request to proceed *in forma pauperis* to perfect the right to trial de novo.

4

Section 482.365 mirrors Section 512.180[1] which regards the right to trial de novo in certain cases before associate circuit divisions of the circuit courts. The Missouri Supreme Court discussed Section 512.180 in *State ex rel. JCA Architects, Inc. v. Schmidt*, 751 S.W.2d 756 (Mo. banc 1988). In that case, the circuit court dismissed an applicant's request for trial de novo because the filing fee was not paid before the deadline for filing the application. The Supreme Court reversed the circuit court stating:

> The statute makes no reference to the payment of a filing fee. The Circuit Court is without power to impose jurisdictional requirements in addition to those set out in the statutes. … The plaintiff's filing [] was in full compliance with all statutory jurisdictional requirements, and the circuit court had the mandatory duty to proceed with the trial de novo, even though the filing fee was not paid until after the time for filing the application for trial de novo had expired.

*Id.* at 757. The Court also stated that, while Section 483.530, RSMo 2016, does require payment of a filing fee, payment at any particular time is not a jurisdictional requirement. *Id.*

The Missouri Supreme Court relied on *JCA Architects, Inc.* when deciding *Goldsby v. Lombardi*, 559 S.W.3d 878 (Mo. banc 2018), issued July 31, 2018. In *Goldsby*, the Court held that Section 512.050, RSMo 2016,[2] does not require the filing of a docket fee for notice of appeal to be effective, and any Supreme Court Rule requiring the same (namely 81.04 as relevant to that case) was in violation of article V, section 5 of Missouri's Constitution. *Id.* at 883-884. *Goldsby* expressly abrogated *Harris v. Wallace*, 524 S.W.3d 88 (Mo. App. 2017); *State ex rel. Anderson v. Anderson*, 186 S.W.3d 924 (Mo. App. 2006); *In re B.W.B.*, 73 S.W.3d 894 (Mo. App. 2002); *Moore*

---

[1] Prior to Section 482.365's 1985 revision, which added the "shall be perfected by filing …" language also present in Section 512.180, Section 482.365 read: "Any person aggrieved by any final judgment rendered by a small claims court in a small claims proceeding, except a judgment by consent, may have a trial de novo as provided in sections 512.180 to 512.320, RSMo." § 482.365 RSMo 1978.

[2] Section 512.050 regards perfecting an appeal from a trial court judgment and provides that no such appeal shall be effective unless the notice of appeal is filed no later than ten days after the judgment or order appealed from becomes final.

*ex rel. Moore v. Bi-State Dev. Agency*, 87 S.W.3d 279 (Mo. App. 2002); *State v. Mitchell*, 128 S.W.3d 518 (Mo. App. 2003); *State v. Brookshire*, 400 S.W.2d 61 (Mo. 1966); and unnamed cases holding that the filing of a docket fee is a jurisdictional prerequisite for perfecting an appeal. *Goldsby*, 559 S.W.3d at 884. *Goldsby* concluded that, "Section 512.050 allows this Court to require the filing of a docket fee as a procedural step for completing an appeal but not as a jurisdictional requirement" and that, "[b]ecause the payment of a docket fee is not a jurisdictional prerequisite, Mr. Goldsby's untimely payment is governed by Rule 84.08[.]" *Id.* Rule 84.08 provides that, if an appellant fails to take further steps to secure review of the appeal within applicable time periods, the case will be placed on a dismissal docket.[3] *Id.* at 884-885.

While *Goldsby* involved perfecting an appeal of a circuit court's judgment to an appellate court under Section 512.050, *Goldsby* is instructive because it abrogated appellate opinions that had affirmed dismissal of appeals on the grounds that no docket fee *or* motion to file *in forma pauperis* were filed along with the notice. Additionally, the *Goldsby* opinion references trial de novo statutes when citing *JCA Architects, Inc.* to support its holding. *Goldsby*, 559 S.W.3d at 883-884. The *Goldsby* Court noted *JCA Architects, Inc.*'s differentiation of no docket fee requirement in Section 512.090 with the docket fee requirement in the then extant 1987 version of Section 512.050 to show the legislature knew how to make docket fees a jurisdictional prerequisite to a trial de novo. *Id.* at 884. Prior to 1997, Section 512.050 provided, in relevant part: "The docket

---

[3] Missouri Supreme Court Rule 67.03 regarding "Involuntary Dismissal" of a civil action is similar to Rule 84.08 which addresses the involuntary dismissal of an appeal, noted by the *Goldsby* Court as controlling after Goldsby perfected his appeal by notice. Rule 84.08 allows for involuntary dismissal of an appeal after an appellant timely files notice if the appellant fails to take further steps required to secure review of the appeal. Rule 67.03 expresses no time limits for when a defendant in a civil case may move for involuntary dismissal for failure of the plaintiff to prosecute or comply with the rules, but Rule 67.03 does allow for involuntary dismissal on those bases.

fee of ten dollars in the appellate court shall be deposited with the clerk of the trial court at the time of filing the notice of appeal." The legislature removed this language in 1997.

Here, Respondents argue that the absence of fee requirement language in Section 482.365 is not dispositive of this issue because both Rule 151.02 and Section 506.366 require either filing fees or appropriate paperwork to delay the fee filing in order to perfect de novo review.

Rule 151.02, titled "Notice to Parties – Trial De Novo – Time," unaltered since 1988, states:

> At the conclusion of the hearing wherein any judgment is rendered, the judge shall notify the parties present:
>
> (a)    that the judgment will be final unless application for trial de novo is filed within ten days;
>
> (b)    that the application fee must be paid at the time of filing the application, unless the judge authorizes the applying party to proceed as a poor person; and
>
> (c)    that the filing of the application for trial de novo will not stay execution unless the trial de novo bond is filed as set out in section 482.365, RSMo.

First, the record on appeal does not show if Rule 151.02 was followed by the small claims court in Bey's case. Bey was not present at the dismissal hearing due to incarceration and the court's Judgment does not include this language. Regardless, pursuant to *JCA* and *Goldsby*, Rule 151.02 may only demand filing fees or requests to file *in forma pauperis* as jurisdictional prerequisites to trial de novo if there is statutory authority for the rule. Statutory authority is not found in Section 482.365.

Respondents claim, nevertheless, that statutory authority is found in Section 506.366.

Section 506.366 provides:

> An offender seeking to bring a civil action or to appeal a judgment in a civil action without the prepayment of fees or security due to indigency shall submit a request to the court to proceed without the prepayment of fees. The request shall include a certified copy of the offender's correctional center account statement, which shall

7

be provided by the department of corrections for the six-month period immediately preceding the filing of the petition or notice of appeal.

Respondents claim that Bey made no request to proceed without the prepayment of fees and also included no certified copy of his correctional center account statement with the filing.[4]

We find nothing within Section 506.366 requiring an *in forma pauperis* form, or an offender's correctional center account statement, be filed simultaneously with a petition for trial de novo. Three of the cases expressly abrogated by *Goldsby* held that failure to timely file a docketing fee *or* motion to prosecute appeal *in forma pauperis* along with the notice of appeal deprived the court of jurisdiction. *See Harris*, 524 S.W.3d 88; *Anderson*, 186 S.W.3d 924;[5] *Mitchell*, 128 S.W.3d 518. While Section 506.366 was not mentioned in *Goldsby*, Section 506.366 was clearly applicable. Gordon Goldsby, an offender serving prison time for kidnapping and rape, mailed to the Circuit Clerk notice of appeal of the circuit court's dismissal of his petition for declaratory judgment. Along with notice, he informed the Clerk he had submitted a request that funds be transferred from his inmate account to cover the docket fee, thereby clearly requesting that his notice of appeal be perfected without prepayment of the docket fee; there is no indication that he requested to proceed *in forma pauperis*. *Goldsby*, 559 S.W.3d at 880-881. Goldsby's notice was deemed untimely by the circuit court for failure to include the docket fee. *Id.*

In spite of Section 506.366, the Missouri Supreme Court ruled that prepayment of the docket fee was not a prerequisite to Goldsby perfecting his appeal. The *Goldsby* Court found that,

---

[4] The Clerk's notice, dated December 26, 2018, states only that Bey failed to file with his petition a filing fee, service fee, and certified copy of his center account statement.

[5] *Anderson*, abrogated by *Goldsby*, found that nothing in the record showed that the appellant's motions to proceed *in forma pauperis* were in compliance with the Prisoner Litigation Reform Act but, even if they were, the court's denial of the motions was a determination that the appellant was able to pay the full amount of court costs. 186 S.W.3d at 2004.

while the Court, through rules, could "impose additional requirements on an appellant such as the filing of a docket fee, briefs, transcripts, and so forth, [] this Court cannot make those requirements affect the validity of the notice of appeal." *Id.* at 882.

Of significance here, after Bey filed his initial Petition in the circuit court and moved the court pursuant to Section 506.366 to proceed *in forma pauperis*, the Court entered an order determining that Bey was unable to pay the full amount of court costs and ordered that, pursuant to Section 506.369, partial payments be made until the filing fee was paid in full. Section 506.369.2 states: "If a trial court has entered an order pursuant to subsection 1 of this section upon the filing of plaintiff's petition, the determination of the court shall apply to the case until final judgment is entered by either the trial or an appellate court." Section 1 explains how a court is to go about assessing fees against an offender's correctional center account after granting a Section 506.366 motion.

Under the relevant rules and statutes, it was not necessary for Bey to file a new *in forma pauperis* application following his application for a trial de novo in the circuit court. Section 482.365 is the appeal mechanism for judgments in small claims courts and requires an application for trial de novo be filed within ten days after the judgment is rendered. Rule 151.02 provides that the judgment of a small claims court becomes final "*unless* an application for trial de novo is filed within ten days." (Emphasis added). Bey's filing of an application for trial de novo thus prevented the small claims court's judgment from becoming final. Where a timely application for trial de novo is made by an inmate who was previously granted permission to proceed *in forma pauperis* in the case, Section 506.369.2 provides that the prisoner is not required to reapply for *in forma pauperis* status under Section 506.366. And, as we have explained above, Rule 482.365 does not

require the simultaneous payment of a filing fee, or the filing of a motion to proceed *in forma pauperis*, to make the application effective.

Respondents claim Bey concedes that his Petition for Trial De Novo was received by the Clerk out of time when he first attempted to file because he states in his brief that he mailed it on December 19, 2018, with it thereafter being received by the Clerk's office "on or about December 21-24, 2018." Under Section 482.365, it was due December 20, 2018. Yet, the Clerk's office was the only entity that could have verified when the Petition was received. "The filing of a pleading occurs when the document is delivered to the proper officer and lodged in such office." *Molder v. Trammell Crow Services, Inc.*, 309 S.W.3d 837, 840 (Mo. App. 2010). "The critical date is the date the document is received; and once the document is delivered, the person filing the document is not responsible for the disposition of the document by the clerk's office." *Id.* (internal quotation marks and citation omitted). Although the Clerk filed several other pieces of correspondence from Bey, making dated docket entries stating "Correspondence Filed," no similar notation was made when Bey's Petition was received. December 20, 2018, was a Thursday. The day following was a Friday. December 22 and 23 fell on a weekend, and December 24 and 25 of 2018 were State holidays. The Clerk's December 26, 2018, letter to Bey advising that his Petition was rejected stated that Bey's Petition was received "on Dec." We, simply, cannot discern from the record that Bey's Petition, which should have been filed by the Clerk or at the very least noted as received on the date received, was not received within ten days following the court's Judgment.

The trial court erred in dismissing Bey's Petition for Trial De Novo on the grounds that it was untimely filed as Bey's Petition was improperly rejected by the Circuit Clerk for failure to include a correctional center account statement with the filing. Neither Section 482.365 nor

10

Section 506.366 make filing a correctional center account statement a jurisdictional prerequisite for trial de novo and Bey was otherwise not required to file one.

Bey's point on appeal is granted.

## Conclusion

We reverse the circuit court's judgment and remand this matter to the circuit court for the acceptance of Bey's Petition for Trial De Novo as timely filed.

_____
Anthony Rex Gabbert, Judge

All concur.

11