Timothy JOHNSON, Appellant,

v.

James PURKETT, et. al, Respondents.

No. ED 88268.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 2007.

Timothy Johnson, Cameron, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Timothy Johnson (Appellant) appeals from a judgment dismissing his cause of action against James Purkett, James Crump, and Steven Long (Respondents) for violations of his civil rights under 42 U.S.C. section 1983. The appeal is dismissed.

Appellant filed his petition against Respondents alleging violations of his civil rights under 42 U.S.C. section 1983 and various other due process violations. Respondents filed a motion to dismiss alleging, *inter alia,* that Appellant's claims were barred by sovereign immunity. On May 4, 2006, the trial court entered a judgment granting the Respondents' motion to dismiss and dismissing Appellant's cause of action. On June 8, 2006, Appellant filed a notice of appeal, but did not include the filing fee or a motion to proceed *in forma pauperis.* On that same day, Appellant also filed a motion for re-

consideration of the judgment. On June 21, 2006, Appellant filed a second notice of appeal, along with a motion and affidavit in support of request to proceed as a poor person. On June 27, 2006, the trial court granted this motion.

■ This Court has an obligation to discern its jurisdiction to consider an appeal. *State v. Lynch*, 192 S.W.3d 502 (Mo. App. E.D.2006). This Court only has jurisdiction if Appellant filed a timely notice of appeal. *Johnson v. Summers*, 596 S.W.2d 78, 79 (Mo.App. S.D.1980). Under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a timely authorized after-trial motion is filed, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a). A motion for new trial is due thirty (30) days after the entry of judgment or the judgment becomes final. Rule 78.04.

■ The trial court entered its judgment on May 4, 2006. The judgment became final on June 5, 2006, unless Appellant filed a timely authorized after-trial motion. Appellant filed a motion to reconsider on June 8, 2006. This motion was not timely, because it was filed after the judgment had already become final. Rule 78.04; Rule 44.01(a). As a result, the judgment did become final on June 5, 2006, and Appellant's notice of appeal was due on or before June 15, 2006. Rule 81.04(a). Appellant filed two notices of appeal. He filed one on June 8, 2006. However, he did not pay the filing fee or file a motion to proceed *in forma pauperis* with this notice of appeal. Rule 81.04(d) expressly provides that a trial court clerk shall not accept or file a notice of appeal unless the docket fee is deposited with the trial court

clerk, the appellant is not required by law to pay the docket fee, or an order allowing the appellant to proceed *in forma pauperis* accompanies the notice of appeal. Although a notice of appeal typically will not be considered filed until the docket fees are paid, an exception applies when an appellant has done all he can do by timely tendering his notice of appeal and a motion to proceed *in forma pauperis*. *State v. Lawrence*, 139 S.W.3d 573, 575 (Mo.App. E.D.2004). On June 8, 2006, however, Appellant had not filed either the docket fee or the motion to proceed *in forma pauperis*. Therefore, the trial court clerk could not accept or file the notice of appeal on June 8, 2006.

Appellant filed a second notice of appeal on June 21, 2006 and a motion to proceed *in forma pauperis*. Therefore, although the motion was ultimately granted, it only refers back to the date it was filed on June 21, 2006. *State v. Childers*, 192 S.W.3d 496, 497 (Mo.App. E.D.2006). Therefore, Appellant's notice of appeal is considered filed as of June 21, 2006 and it is untimely.

■ If this Court lacks jurisdiction to entertain an appeal, then it should be dismissed. *Buff v. Roper*, 155 S.W.3d 811, 812 (Mo.App. E.D.2005). This Court issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has filed a response.

■ Appellant asserts that he placed his notice of appeal in the mail on June 2, 2006 and that by applying a "mail box rule," his appeal is timely. Missouri does not recognize a prison mailbox rule in the filing of a notice of appeal. Rule 81.04(a) expressly provides that the notice of appeal must be *filed* with the circuit court within ten days of finality of judgment. A paper is filed when it is received by the proper officer and lodged in his office. *Goodson v. State*, 978 S.W.2d 363, 364 (Mo.App. E.D.1998).

This court has recognized that the date a document was stamped as being received is evidence of the date of receipt. *Id.* Therefore, the notice of appeal is deemed filed when it lodged with the circuit clerk, stamped as received, and Appellant complied with Rule 84.04(d). Here, Appellant perfected his appeal on June 21, 2006, and it was untimely.

The appeal is dismissed for lack of a timely notice of appeal.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.