**Vicki CZAPLA and Tracee Davis, Plaintiffs/Respondents,**

**v.**

**Lisa M. ROZIER and Rozier Group, Inc., Defendants/Appellants.**

**No. ED 90178.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 9, 2008.

Martin, Malec & Leopold, P.C., James M. Martin, St. Louis, MO, for appellant.

Arthur G. Muegler, Jr., St. Louis, MO, for respondent.

Before BOOKER T. SHAW, P.J., and KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J.

PER CURIAM.

Lisa Rozier and the Rozier Group, Inc. (collectively Defendants) appeal from the judgment in favor of Vicki Czapla and Tracee Davis (collectively Plaintiffs) for $125,000 arising from Plaintiffs' fraud claim. On appeal, Defendants argue the

---

trial court erred in entering judgment in favor of Plaintiffs because: (1) a bankruptcy "stay" prevented the state court case from proceeding and (2) there was no competent and substantial evidence supporting the judgment. We dismiss for lack of a timely notice of appeal.

*Procedural and Factual Background*

On October 23, 2000, Plaintiffs and Defendants entered into a contract, whereby Defendants agreed to complete a room addition at Plaintiffs' residence at a cost of $43,511.03. The contract represented that Defendants would commence work on the project on November 6, 2000 and complete the project prior to Christmas of that year. Plaintiffs paid Defendants a total of $32,633.32 as down payment and at the completion of drywalling. Defendants failed to complete the project on time and following further delays, Plaintiffs terminated the contract in March 2001.

On June 20, 2002, Plaintiffs filed a three-count petition against Defendants. Count I alleged civil conspiracy, Count II alleged fraud, and Count III alleged breach of contract. Defendants filed an answer to Plaintiffs' petition and counterclaimed for breach of contract. In their counterclaim, Defendants alleged that they performed their obligations under the contract but Plaintiffs breached their obligation by refusing to pay Defendants the balance of $10,877.75.

On June 24, 2003, the case proceeded to trial. Although Defendants initially appeared for trial, they left the trial court prior to the commencement of trial. The trial proceeded in Defendants' absence and upon motion by Plaintiffs for sanctions, the trial court struck Defendants' pleadings. During trial, Plaintiffs voluntarily dis-

missed Counts I and III of their petition and proceeded on their fraud claim contained in Count II. At the conclusion of Plaintiffs' evidence, which consisted of testimony and exhibits, the trial court entered judgment in their favor in the amount of $125,000 on the fraud claim plus costs. On July 8, 2003, Defendants filed a *pro se* motion to set aside judgment, which the trial court denied on September 3, 2003. Defendants filed their appeal with this court on August 17, 2007.[1]

*Discussion*

■ At the outset, we address Plaintiffs' motion to dismiss for failure to file a timely notice of appeal that was taken with the case.

■ Timely filing of a notice of appeal is jurisdictional. *Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 640 (Mo. banc 2005). A notice of appeal must be filed no later than ten days after the judgment or order being appealed becomes final. *Id.*; Rule 81.04(a). A judgment becomes final thirty days after its entry unless an authorized after-trial motion is timely filed. *Id.*; Rule 81.05(a)(1). If an authorized after-trial motion is timely filed, a judgment becomes final at the earlier of the following: (a) ninety days from the date the last timely motion was filed, on which date all motions not ruled on shall be deemed overruled; or (b) if all motions have been ruled on, then the date of ruling of the last motion to be ruled on or thirty days after entry of judgment, whichever is later. *Id.*; Rule 81.05(a)(2).

Here, the record shows that following a brief bench trial, the trial court entered judgment on June 24, 2003. The record also shows Defendants filed a *pro se* document styled "Motion to set aside Final Judgment" on July 8, 2003. The entire

---

1. Defendants attempted to file with this court a supplemental legal file containing documentation relevant to bankruptcy proceedings in federal court; however, this court denied the filing of the supplemental legal file on May 28, 2008.

motion states: "Plaintiffs were notified debt was discharged in previous bankruptcy. Plaintiff charges fraud. There was no fraud through this transaction. Under Section 524 of the bankruptcy code a discharge operates as an injunction against any act to collect a discharged debt." On September 3, 2003, the trial court denied the motion and the judgment became final. Rule 81.05(a)(2)(B). To be timely, a notice of appeal was required to be filed on or before September 15, 2003. Rule 81.04(a). Here, the notice of appeal was untimely filed on August 17, 2007, almost four years after the time for filing had expired.

### Conclusion

█ Under the record before us, this court does not have jurisdiction to consider Defendants' appeal because Defendants did not file a timely notice of appeal. The motion to dismiss taken with the case is granted. In reaching this conclusion, we have considered the following factors: the frivolous nature of the appeal; the untimeliness of the appeal; the absence of a reply brief; and the failure of Defendants to file any response to Plaintiffs' motion. *See Capital One Bank v. Hardin,* 178 S.W.3d 565, 578 (Mo.App. W.D.2005); *see also Carbray v. Floro,* 868 S.W.2d 168, 169 (Mo.App. E.D.1994) (noting, in deciding to assess sanctions in the amount of $2,000, that the appellant "has not filed any response to [respondent's] motion for damages for frivolous appeal.") We grant Plaintiffs' motion for sanctions under Rule 84.19 and award to Plaintiffs damages in the amount of $3,000 against Defendants and Defendants' attorney James Martin of Martin, Malec & Leopold, P.C. Plaintiffs' motion for attorneys' fees is denied.

The appeal is dismissed.