**Peggy R. CARLISLE, Respondent,**

v.

**George W. CARLISLE, Jr., Appellant.**

**No. ED 91016.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 24, 2009.

George W. Carlisle, Jr., St. Peter, MO, for Appellant.

Peggy R. Carlisle, St. Peters, MO for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

George W. Carlisle, Jr. (hereinafter, "Husband") and Peggy R. Carlisle (hereinafter, "Wife") were married on July 3, 2002. The trial court issued its judgment dissolving their marriage on September 4, 2007. Husband appeals *pro se.* He brings this appeal, raising issues from this dissolution judgment, a previous pendente lite judgment, and a previous dissolution judgment. We dismiss in part and affirm in part.

■ While Husband raises seven points on appeal, this Court dismisses four of those points for failing to file a timely notice of appeal. "Timely filing of a notice of appeal is jurisdictional." *Czapla v. Rozier,* 262 S.W.3d 296, 297 (Mo.App. E.D. 2008).

■ Husband's first and sixth points on appeal challenge the pendente lite judgment dated April 26, 2007. " 'An award pendente lite is in the nature of an independent cause of action.' A pendente lite order is a final judgment on the merits of the motion from which an appeal may be taken. If no appeal is taken, execution may issue on the pendente lite order." *Scott v. Scott,* 157 S.W.3d 332, 335 (Mo. App. E.D.2005).

The pendente lite judgment at issue is dated April 26, 2007, and there were no post-judgment motions filed. Accordingly, the pendente lite judgment became final on May 26, 2007, thirty days after its entry. Rule 81.05(a)(1). Husband did not appeal from the pendente lite judgment after it became final for purposes of appeal.

Rule 81.07(a) allows for a late notice of appeal to be filed upon special order when it is "... filed within six months from the date the judgment appealed from became final for purposes of appeal...." This rule also requires that a copy of the judgment from which the party seeks an appeal must be attached to the motion. Rule 81.07(a).

Husband would have had to file his motion for a late notice of appeal by November 26, 2007, and attach a copy of the pendente lite judgment to the motion. Husband failed to file a motion to file a late notice of appeal for the pendente lite judgment. Husband's only motion requesting to file a late notice of appeal was filed on March 11, 2008. That motion only references the September 4, 2007, dissolution judgment.

■ Husband may believe that his motion for filing a late notice of appeal from the 2007 dissolution judgment incorporates the pendente lite judgment, but this reasoning is incorrect. The motion for late notice of appeal must attach the judgment from which the aggrieved party seeks to appeal and must be filed within six months of that judgment being final. Rule 81.07(a). "The six month time period within which a prospective appellant can seek a special order cannot be enlarged." *Berger v. Cameron Mut. Ins. Co.,* 173 S.W.3d 639, 640 (Mo. banc 2005). Husband's attempt to bootstrap review of the pendente lite judgment is inappropriate. Accordingly, Husband's two points on appeal challenging the pendente lite judgment are dismissed.

Similarly, in Husband's third and fifth points on appeal, Husband alleges the trial court erred in issuing its judgment of dissolution of marriage dated October 20, 1999. Husband failed to file a motion requesting a late notice of appeal from that first dissolution judgment. Husband failed to comply with Rule 81.07(a). Hence, these points on appeal are dismissed.

As to the remaining claims alleged by Husband, this Court affirms the trial

court's judgment pursuant to Rule 84.16(b). We have reviewed Husband's brief and the legal file on appeal. An extended opinion reciting the detailed facts and restating the principles of law with respect to Husband's points would have no precedential value. The parties have been furnished with a memorandum opinion, for their use only, setting forth the reasons for the order affirming the trial court's judgment.

ROY L. RICHTER, P.J. and LAWRENCE E. MOONEY, J., concur.