See also 472 S.W.3d 257.

**COLLECTOR OF REVENUE,**
Respondent/Cross-
Appellant,

**v.**

**Greg WILEY, Appellant/Cross-**
Respondent.

**ED 104958**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: September 26, 2017

Jonathan Beck, 3500 Magnolia, St. Louis, MO 63118, for appellant.

David H. Luce, Chantal S. Fink, 120 S. Central Avenue, Suite 1500, St. Louis, MO 63105, for respondent.

Gary M. Gaertner, Jr., Presiding Judge

## Introduction

This suit involves the payment of court costs in an action by the Collector of Revenue of the City of St. Louis (Collector) to recover delinquent personal property taxes owed by Greg Wiley (Wiley). Wiley filed a motion to tax or retax costs, requesting a Rill refund of the $177.00 he paid in court costs, arguing that he should not be liable for costs that the Collector as plaintiff was statutorily exempt from paying. The trial court granted Wiley a partial refund, and both Wiley and the Collector appeal. We affirm in part and reverse in part.

## Background

The Collector filed a petition against Wiley on June 30, 2010, to collect delinquent personal property taxes in the amount of $269.87. The petition also requested court costs in the amount of $177.00. Wiley was served on August 31, 2010. Wiley paid his delinquent personal property taxes and the court costs, but he also sent a letter to the Collector and the Circuit Attorney of the City of St. Louis noting he was paying the court costs under protest. On June 16, 2011, the Collector dismissed its petition with prejudice, noting Wiley had "tendered Cost of [Collector]."

Thereafter, Wiley filed a petition for declaratory judgment including several claims, contesting the $177.00 in court costs.[1] The trial court issued a judgment in favor of the Collector, which Wiley appealed to this Court. This Court determined that Wiley's exclusive remedy for contesting court costs was through a motion to retax costs under Section 514.270[2] and dismissed Wiley's appeal in that respect. Wiley v. Daly, 472 S.W.3d 257, 266 (Mo. App. E.D. 2015). On July 6, 2016, Wiley filed a motion to tax or retax court costs, pursuant to Section 514.260 (tax) or Section 514.270 (retax). After a hearing, the trial court found that the Circuit Clerk for the 22nd Judicial Circuit (Clerk) had taxed

---

1. Another plaintiff joined Wiley in this petition, but we discuss only Wiley here.

2. All statutory references are to RSMo. (2000) unless otherwise indicated.

12 various fees making up the $177.00 in court costs. The trial court determined six of them were improperly taxed to Wiley, resulting in a refund of $90.00. This appeal follows.

### Discussion

█ Wiley contests the remaining court costs, totaling $87.00, arguing the trial court erred in allowing the Collector to tax these costs against him. The Collector cross-appeals, arguing that all costs taxed to Wiley were authorized by Missouri state statutes.[3] We review all costs taxed to Wiley.

█ The amounts of each court cost taxed here are fixed by statute and therefore do not require judicial determination. See Fisher v. Spray Planes, Inc., 814 S.W.2d 628, 633 (Mo. App. E.D. 1991); see also Givens v. Warren, 905 S.W.2d 130, 133 (Mo. App. E.D. 1995) (distinguishing cost requiring judicial finding before cost may

be taxed). On a motion to retax such court costs, the trial court exercises a ministerial duty, initially held by the circuit clerk, to assess court costs or to correct errors made by the clerk in taxing court costs. See Fisher, 814 S.W.2d at 633. The propriety of each cost depends on the applicability of the corresponding statute. Statutory interpretation is a question of law, which we review de novo. See Gash v. Lafayette County, 245 S.W.3d 229, 232 (Mo. banc 2008). "[S]tatutes allowing for costs are to be strictly construed." In Interest of J.P., 947 S.W.2d 442, 444 (Mo. App. W.D. 1997); see also In re Thomasson, 159 S.W.2d 626, 628 (Mo. 1942).

Wiley's argument is essentially that he cannot be liable for court costs in this particular case because the Collector did not actually incur any costs. We disagree.

█ Section 514.060 provides that "[i]n all civil actions, or proceedings of any

---

3. The Collector alternatively argues that Wiley's motion to retax was barred by the doctrine of laches because he filed his motion five years after the Collector dismissed its petition against Wiley. While laches may well apply to such a time delay, we do not find it is applicable under the unique circumstances here in that Wiley paid under protest, filed a lawsuit to contest court costs within months of paying them, and this Court in his prior appeal directed him to seek this relief. Thus, we do not find that Wiley exercised "neglect for unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done." Rentschler v. Nixon, 311 S.W.3d 783, 787 n.3 (Mo. banc 2010) (quoting Hagely v. Bd. of Educ. of Webster Groves Sch. Dist., 841 S.W.2d 663, 669 (Mo. banc 1992)). The Collector also argues that the three-year statute of limitations in Section 516.130 applies, but the Collector failed to raise this before the trial court, so we do not consider it here. See S & P Props. v, Daly, 330 S.W.3d 128, 131-32 (Mo. App. E.D. 2010) (if statute of limitations is not pled, it is waived). Finally, the Collector alternatively argues that Wiley paid court costs due to a settlement agreement, but even

if we were to find he settled his tax debt, interest, and attorney's fees, we see no evidence of an offer, acceptance, and consideration regarding the court costs here. See Ste. Genevieve County Levee Dist. #2 v. Luhr Bros., Inc., 288 S.W.3d 779, 783 (Mo. App. E.D. 2009) ("To show a legal, valid settlement agreement, one must prove the essential elements of a contract: offer, acceptance and consideration"; party seeking to enforce settlement agreement must prove agreement by clear and convincing evidence). Rather, Wiley put forth evidence that he paid the court costs under protest in order to receive a "paid" personal property tax receipt, and this Court has already held that the Collector's practice of withholding such receipts until unassessed court costs have been paid is unlawful. See Wiley v. Daly, 472 S.W.3d 257, 266 (Mo. App. E.D. 2015) (finding no statutory authority for Collector's practice of withholding "paid" receipts pending collection of court costs that Clerk has not yet assessed). The fact that the Collector subsequently dismissed its petition does not in itself establish that this was the result of a settlement agreement including court costs under the particular circumstances of this case.

kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." [4] A party prevails not only by obtaining a favorable judgment, but also by obtaining a settlement, a voluntary dismissal of a groundless complaint, or a favorable decision on a single significant issue in the underlying case. Greenbriar Hills Country Club v. Director of Revenue, 47 S.W.3d 346, 353 (Mo. banc 2001). We also find that where, as here, a defendant pays a requested monetary claim before the trial court enters judgment on that claim, and the plaintiff subsequently dismisses the suit on that basis, the plaintiff has "prevailed" in that the plaintiff "obtained the substance of what he sought." Hewitt v. Helms, 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). Thus, the Collector is the prevailing party here.

Wiley objects, however, because Section 514.060 provides that the prevailing party collects "his costs," and here, the Collector did not incur costs due to a statutory exemption. Section 140.730 provides the procedure for collecting delinquent personal property taxes, and it states in relevant part that "in no case shall the state, county, city or collector be liable for any costs nor shall any be taxed against them." Section 140.730.2. Accordingly, the Clerk did not require the Collector to pay any statutory fees that would ordinarily be due upon filing a civil action.

However, we find it does not follow that no costs are chargeable in this case. The legislature has imposed various costs in order to maintain the functioning of this state's judicial system. At the same time, the legislature has relieved the State of the burden of paying costs upon filing suit, presumably in this situation to avoid burdening the general revenue with the cost of recovering delinquent tax revenue. If the Clerk had charged the Collector statutory filing fees, regardless of the outcome of the litigation, the Collector would receive a refund, either because the defendant would pay court costs as a non-prevailing party, or because even if the Collector did not prevail, Section 140.730.2 exempts the Collector from liability for court costs.[5] We do not believe the Clerk's choice, therefore, not to collect statutory court costs upon filing from the Collector, requires the conclusion that such court costs do not apply. Rather than eliminating costs altogether, Section 140.730.2 is intended as an exception for the State to the general rule that parties are liable for their own costs of litigation. See State ex rel. Gottlieb v. Wilson, 174 Mo. 505, 74 S.W. 636, 637 (Mo. 1903) (discussing prior version of similar statute exempting State from liability for costs). Additionally, the Missouri Supreme Court has recognized

---

**4.** The Collector relies on Section 514.190 as a basis for recovery of costs here, but this statute is "expressly confined to actions oil contracts by the state, such as bonds, etc." and does not apply here. See Murphy v. Limpp, 347 Mo. 249, 147 S.W.2d 420, 423 (Mo. 1940) (analyzing prior version of statute with identical language; holding that statute does not permit award of costs to defendants who successfully contested employment taxes assessed by state).

**5.** The plain language of Section 140.730.2 does not preclude the Clerk from collecting filing fees from the Collector; rather, it says the Collector shall not "be liable" for court costs or have court costs "taxed against" the Collector. As the Clerk ordinarily taxes costs at the end of a proceeding, and the trial court similarly determines liability for costs at the end of a proceeding, we read this statute to mean that had the Collector paid any costs upon filing, the Collector would necessarily be reimbursed or refunded. The Clerk, recognizing this, seems to have made a choice for efficiency's sake not to charge the Collector in the first place.

that in some situations, costs may be taxable even where the plaintiff had not initially paid them. See Cranor v. Sch. Dist. No. 2, of Tp. Np. 62, of Range No. 32, in Gentry County, 151 Mo. 119, 52 S.W. 232 (Mo. 1899). We find such a situation here. Section 140.730.2 does not constitute a waiver of costs altogether in a suit to collect delinquent personal property tax, but rather leaves open the possibility that costs can be taxed to a losing party other than the State.

In the present case, the Clerk taxed 12 various costs to Wiley.[6] With the exception of a $ 15 court reporter fee and a $2 publication fee, which we discuss below, all other costs here are provided for in statutes with one of two kinds of procedural language: (1) the party filing the case shall pay the cost upon filing suit,[7] or (2) the cost shall be "assessed," "collected," or "receive[d]," with no particular time specified.[8] The trial court found that the costs provided for in the second category of statutes were properly taxed to Wiley. Regarding the statutes in the first category, requiring the filing party to pay the respective costs upon filing, the trial court concluded that such costs did not apply here because the only time they could be

collected under the statutes was upon filing, and the Collector was exempt from paying them upon filing.

However, as discussed above, we do not agree that the fact the Clerk did not charge filing fees to the Collector due to Section 140.730.2 means such fees cannot be recovered. Moreover, Section 488.020, the general statute regulating collection of court costs, states, "Failure to collect the court cost shall not affect the validity of the court cost or service." Harmonizing this section with all of chapter 488, containing many costs that are to be collected upon filing, we find this manifests an intent by the legislature that where the Clerk fails to collect costs at the time of filing as specified, the costs nevertheless remain valid and taxable. See Utility Serv. Co. v. Dept. of Labor & Indus. Relations, 331 S.W.3d 654, 658 (Mo. banc 2011) ("No portion of a statute is read in isolation, but rather is read in context to the entire statute, harmonizing all provisions").

Additionally, the individual cost statutes themselves are consistent with our interpretation in that most of them contain enumerated exceptions not related to the time of collection. The statutes provide that they will not apply, or the respective

---

**6.** The Clerk taxed costs to Wiley as follows:

Circuit Civil Costs: $83.00, which the trial court found consisted of the following fees:
$10.00 basic legal services fee (Section 488.031)
$45.00 Supreme Court Operating Rule 21.01(a)(10) fee
$15.00 court reporter fee (Section 488.2253)
$7.00 statewide court automation fee (Section 488.027.1)
$3.00 domestic relations resolution fund fee (Sections 488.635, 452.552)
$3.00 sheriff's retirement fund fee (Section 488.024)
Court Restoration (St. Louis City): $45.00 (Section 488.447)
Law Library: $15.00 (Section 488.426.1; Mo. R. Civ. P. 5.3)

Domestic Violence-Circuit Civil: $2.00 (Section 488.445)
Publication: $2.00
Sheriff-Civil: $20.00 (Section 488.435.1)
Sheriff Deputy Salary Supplementation: $10.00 (Section 488.435.3)

**7.** Sections 488.447 ($45 court restoration), 488.426.1 ($15 law library), 488.445 ($2 domestic violence surcharge), 488.635 ($3 domestic relations restoration fund), and 488.031 ($10 basic legal services).

**8.** Sections 488.435.1 ($20 Sheriff), 488.435.3 ($10 deputy sheriff salary supplementation), 488.027.1 ($7 statewide court automation), 488.024 ($3 sheriff retirement fund), and Supreme Court Operating Rule 21 ($45 civil case).

costs will not be collected, in two situations: (1) when costs are waived, or (2) when costs are to be paid by the state, county, or municipality.[9] It is undisputed that costs have not been waived here, Regarding the second exception, Wiley argues it applies because costs are not to be paid by the Collector here. However, this language refers to cases in which the State does not prevail and would therefore be required to pay costs, as costs are ordinarily taxed at the end of a legal proceeding. See In Interest of J.P., 947 S.W.2d 442, 444 (Mo. App. W.D. 1997) ("Costs are usually taxed at a reasonable time after the entry of judgment"). In such cases, this statutory exception, similar in effect to Section 140.730.2, relieves the State from paying costs it would normally owe as the non-prevailing party.[10]

Thus, in the present case, there are applicable statutes requiring the Clerk to collect certain costs upon filing, and the exceptions contained in those statutes do not apply here, However, instead of collecting such fees from the Collector initially in this case due to the fact that the Collector would not be liable for costs regardless of the outcome, the Clerk taxed those costs to Wiley as the non-prevailing party. We find Section 488.020 authorized

the Clerk to tax such fees here despite the failure to collect them upon filing. Accordingly, the fees refunded by the trial court on this basis, except for the $15 court reporter fee, were properly taxed to Wiley.[11] The trial court's judgment is reversed in this respect.

Additionally, we affirm the trial court's judgment regarding the costs it found were properly taxed to Wiley. The respective cost statutes provide that such fees shall be collected or assessed in civil cases, and the statutes contain similar exceptions for when costs are waived or are to be paid by the state, county, or municipality, none of which apply here. Accordingly, we affirm the trial court's judgment as it relates to costs it found were properly taxed to Wiley.[12]

■■■ Finally, there are two remaining fees taxed to Wiley: a $15 court reporter fee and a $2 publication fee. Section 488.2253 provides a $ 15 fee for an official court reporter "[i]n every contested case, or case in which the evidence is to be preserved, *except for the collection of delinquent or back taxes....*" (emphasis added). We find the plain language of this section prohibits this fee in the Collector's action to collect delinquent personal prop-

9. Sections 488.447.1 ($45 court restoration fund); 488.426.1 ($15 fee, allocated to law library by Mo. R. Civ. P. 5.3); 488.445.1 ($2 domestic violence surcharge); and 488.031.2 ($10 basic legal services). Section 488.031 contains an additional exception for when the defendant is dismissed by the court, which is not applicable here. Section 488.635 ($3 domestic relations resolution fund) contains no exceptions.

10. The State is not always relieved of paying costs when it does not prevail. See Dept. of Mental Health v. Continental Sec. Life Ins. Co., 835 S.W.2d 349, 356 (Mo. App. W.D. 1992) (noting Section 514.190 may allow costs to be taxed against the State in certain cases).

11. Specifically, these are the $45 court restoration fee (Section 488.447), the $15 law library fee (Section 488.426.1 and Mo. R. Civ. P. 5.3), the $2 domestic violence surcharge (Section 488.445), the $3 domestic violence relations resolution fund surcharge (Sections 488.635, 452.552), and the $10 basic legal services fee (Section 488.031).

12. Specifically, these are the $20 sheriff's fee (Section 488.435.1), the $10 deputy sheriff's salary supplementation fee (Section 488.435.3), the $45 civil case fee (Supreme Court Operating Rule 21(a)(10)), the statewide court automation fee (Section 488.027.1), and the $3 sheriff's retirement fund surcharge (Section 488.024).

erty tax. Wiley is therefore entitled to a refund of this $15 fee, and the trial court's judgment refunding this fee is affirmed for this reason.

▮ Regarding the $2 publication fee, the trial court found that Wiley did not dispute this fee in his motion to tax or retax. However, Section 514.270 provides that any person "may, upon application, have the [bill of costs] retaxed by the court," and "*all* errors shall be corrected by the court" (emphasis added). Under this statute, Wiley's motion to retax triggered a review of all costs taxed to Wiley, including the $2 publication fee. "An item is not taxable as costs in a case unless it is specifically authorized by statute, or by agreement of the parties." Groves v. State Farm Mut. Auto. Ins. Co., 540 S.W.2d 39, 44 (Mo. banc 1976). We find no statute or rule authorizing the $2 publication fee, and the Collector has provided no legal support for this fee. Thus, Wiley is entitled to a refund of the $2 publication fee, and the trial court's judgment is reversed in this respect.

### Conclusion

The legislature has imposed costs in order to provide for the smooth and efficient administration of our judicial system. Considering chapter 488 as a whole, we conclude the legislature authorized taxing the majority of the costs here to Wiley, and the fact that the Collector did not pay any costs upon filing its suit did not prohibit the Clerk from taxing such costs to Wiley. Only Section 488.2253 contains an applicable exception, therefore Wiley was not liable for the $15 fee therein. We additionally find no statutory authorization for the $2 publication fee. We affirm the trial court's judgment in part, reverse it in part, and remand with instructions to issue a refund to Wiley in the amount of $17 for overpayment of court costs.

Robert M. Clayton III, J., concurs.

James M. Dowd, J., concurs.