**Kevin W. HAMMERSCHMIDT, Appellant,**

v.

**Rex HARDMAN, D.O., Respondent.**

**WD 80352**

Missouri Court of Appeals, Western District.

Opinion filed: December 5, 2017

Kevin Hammerschmidt, Appellant pro-se.

Jessica L. Liss, St. Louis, for Appellant.

Amy J. White, St. Louis, Co-counsel for Appellant.

Before Division Three: Lisa White Hardwick, Presiding Judge, Victor C. Howard, Judge, and Alok Ahuja, Judge

VICTOR C. HOWARD, JUDGE

Kevin Hammerschmidt appeals judgment of the trial court dismissing his medical malpractice action against Dr. Rex Hardman for failure to timely comply with the health care affidavit requirement of section 538.225, RSMo 2016. He claims that the affidavit requirement, as applied to him as an incarcerated, poor, pro se litigant is unconstitutional. Because Hammerschmidt filed his notice of appeal out of time, the appeal is dismissed for lack of jurisdiction.

Hammerschmidt filed a motion for leave to file his notice of appeal out of time under Rule 81.07(a). On January 19, 2017, this court entered an order sustaining the motion and allowing him to file a notice of appeal within thirty days of the order, February 18, 2017. Because February 18 was a Saturday, and Monday, February 20, was a legal holiday, Hammerschmidt was required to file his notice of appeal by February 21, 2017. Rule 44.01(a). His notice of appeal was stamped filed on February 23, 2017.

■ "The timely filing of a notice of appeal is a jurisdictional requirement." *Harris v. Wallace*, 524 S.W.3d 88, 89 (Mo. App. W.D. 2017)(internal quotes and citation omitted). If the notice of appeal is untimely, the appellate court is without jurisdiction, and the appeal must be dismissed. *Id.*

A notice of appeal is deemed filed on the date the trial court clerk receives it with a docket fee. Rule 81.04(f). *See also Johnson v. Purkett*, 217 S.W.3d 341, 343 (Mo. App. E.D. 2007)("A paper is filed when it is received by the proper officer and lodged in his office."). Missouri courts have recognized that the date a document was stamped as being received is evidence of the date of receipt. *Id.* at 344.

Hammerschmidt contends that his notice of appeal was timely because, while it was stamped filed on February 23, the circuit clerk actually received it on February 21 as verified by the United States Postal Service postmark on the envelope that contained the notice of appeal. He does not cite any authority to support his contention. Missouri specifies some circumstances where a postal service postmark is deemed the date of filing of a legal document. *See, e.g.*, Rules 24.035(b) and 29.15(b)(legible postmark of postal service shall be prima facie evidence of date of filing of postconviction relief motions); § 287.480.1, RSMo 2016 (postal service postmark deemed the filing date of papers required under workers' compensation law); § 288.240, RSMo 2016 (postmark deemed date of filing of papers required under employment security law). These do not apply to Hammerschmidt's notice of appeal in his civil action. Furthermore, Missouri does not recognize a prison mailbox rule in the filing of a notice of appeal. *Johnson*, 217 S.W.3d at 343.

Hammerschmidt's notice of appeal was deemed filed when it lodged with the circuit clerk, stamped as received, on February 23, 2017. The notice of appeal was untimely, and this court is without jurisdiction.

The appeal is dismissed.

All concur.