Gary M. Gaertner, Jr., Presiding Judge
Introduction
Donna Lee Harrison and Jerry Lee Harrison (collectively, Appellants) appeal the trial court's judgments denying their respective motions to vacate and retax court costs in their underlying suit against Volkswagen Group of America, Inc. (Volkswagen), in which Volkswagen was the prevailing party. Appellants argue the trial court did not have authority to tax costs in the first instance, and that the circuit clerk's ultimate order taxing costs is invalid due to procedural violations. Because we find any procedural violations leading to the circuit clerk's order did not prejudice Appellants here, we affirm.
Background
Appellants initiated the underlying suit against Volkswagen, and after trial, a jury found in favor of Volkswagen on all of Appellants' claims. The trial court entered judgment upon the jury's verdict on October 5, 2016, ordering costs to be taxed against Appellants.
On November 4, 2016, Volkswagen filed a proposed bill of costs and supporting exhibits, seeking costs in the amount of $77,613.14. The trial court heard argument regarding the requested costs and entered judgment on February 9, 2017. The trial court found that some of Volkswagen's requested *35 costs were not taxable and ordered the remaining costs taxed against Appellants, in the amount of $60,383.14.
Appellants filed a motion to vacate this order, which the trial court denied on April 11, 2017. Appellants filed a notice of appeal on April 20, 2017. Appellants' stated ground for appeal was that "the trial court's cost order contravene[d Section] 514.260, which provides that only the circuit clerk can tax costs."
Meanwhile, on April 13, 2017, the Circuit Clerk for the 22nd Judicial Circuit issued a bill of costs taxing costs against Appellants in the amount of $60,383.14. Appellants then moved the trial court to retax costs, and the trial court denied this motion on June 26, 2017. Appellants then appealed the trial court's denial of the motion to retax costs, This Court consolidated the appeal with Appellants' first appeal, and we consider them together.
Discussion
Appellants raise three points on appeal. First, Appellants argue that the trial court lacked authority to enter its February 9, 2017 judgment ordering specific costs to be taxed to Appellants because Section 514.260[1] provides that only the circuit clerk may tax costs. In Point II, Appellants argue that the trial court erred in denying Appellants' motion to retax costs because Volkswagen waived its right to costs by failing to make a proper timely request for costs to the circuit clerk. In their third point, Appellants argue that the trial court erred in denying their motion to retax costs because the bill of costs issued by the circuit clerk failed to itemize the costs pursuant to Section 514.310.
Point I
Appellants argue that the trial court had no authority to enter its February 9, 2017 judgment ordering costs to be taxed to Appellants in the amount of $60,383.14 because Section 514.260 provides that only the circuit clerk may tax costs. Because the circuit clerk ultimately did tax costs in this case, we deny this point as moot.[2]
Typically, a trial court makes a general award of costs in its final judgment, and then specific costs are taxed thereafter by the circuit clerk.[3] See Riggs v. State Dept. of Soc. Servs., 473 S.W.3d 177, 182-84 (Mo. App. W.D. 2015) (explaining difference between trial court's function to make general award of costs to parties and circuit clerk's ministerial duty of calculation or taxation of specific costs); see also Collector of Revenue v. Wiley, 529 S.W.3d 42, 46 n. 5 (Mo. App. E.D. 2017). Section 514.260 *36 states, "The clerk shall tax and subscribe all bills of costs arising in any cause ... agreeably to fees which shall, for the time being, be allowed by law...." Appellants argue this section places authority to tax costs exclusively with the circuit clerk, and the trial court has no such authority. Appellants argue that the trial court's order here specifying particular costs and ordering them taxed to Appellants therefore has no legal effect.
However, the circuit clerk ultimately did tax costs here. Appellants argue that the circuit clerk's bill of costs is a tainted product of the trial court's improper order, but we disagree. Though the typical sequence for taxing costs was inverted here, the circuit clerk's bill of costs is no less binding on Appellants. Section 514.260 conveys authority on the circuit clerk to tax costs. The circuit clerk had authority perform this statutory duty independently of any direction by the trial court to do so.
Therefore, even if we were to determine that the trial court's order was of no legal effect, Appellants are still subject to the circuit clerk's bill of costs. Granting Appellants' requested relief on this point would have no practical effect on the existing controversy regarding whether Appellants can legally be held liable for costs in this matter. See Mo. Mun. League v. State, 465 S.W.3d 904, 906 (Mo. banc 2015) ("cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy"). Accordingly, we deny this point as moot.
Point II
Appellants argue that the trial court erred in denying their motion to retax costs because Volkswagen waived its right to costs by failing to request costs from the circuit clerk within 30 days of the entry of final judgment. We disagree.
The 22nd Judicial Circuit's Local Rule 5.7 states the following:
Within thirty (30) days after entry of judgment or dismissal of a case the parties shall claim taxable court costs on such form as is provided by the Circuit Clerk.
Here, the trial court entered judgment in the underlying tort case on October 5, 2016. Volkswagen filed its proposed bill of costs on November 4, 2016, exactly 30 days after the entry of judgment. However, rather than using a form provided by the circuit clerk or addressing its request to the circuit clerk, Volkswagen electronically filed its proposed bill of costs with the trial court, moving the court to tax and assess the enumerated costs. Appellants argue this violation of Local Rule 5.7 invalidated Volkswagen's request for costs, and thus they waived their costs.
However, the local rule's mandate to use a particular form for requesting costs is a procedural rule. Cf. State ex rel. Kugler v. City of Maryland Heights, 817 S.W.2d 931, 932 (Mo. App. E.D. 1991) (including failure to use proper form among list of noncompliance with procedural rules). The Missouri Supreme Court has explained the impact of violations of procedural rules as follows:
Procedural rules are but the means through which we seek to ensure the fair and orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason, we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice.
Heintz v. Woodson, 758 S.W.2d 452, 454 (Mo. banc 1988). Thus, Volkswagen's failure to use the form provided by the circuit *37 clerk requires reversal only upon a showing of prejudice.
Appellants have failed to demonstrate that they were prejudiced under the particular circumstances here. First, Volkswagen complied with the 30-day requirement in the rule in its request for costs.[4] Volkswagen's request was itemized, containing all of the detail regarding each cost required by the circuit clerk's form. Volkswagen's electronic submission of its proposed bill of costs conformed with Rule 103.05(1)[5] : "Any filing shall be made with the clerk of the court through the electronic filing system unless otherwise required by law."
It is true that Volkswagen in its proposed bill of costs moved the trial court to assess and tax costs, rather than the circuit clerk. However, this did not prejudice Appellants. On December 5, 2016, one month after Volkswagen filed its proposed bill of costs, Appellants filed a response contesting individual costs totaling $33,515.26, which Appellants argued were not taxable under Missouri law. On January 24, Appellants filed an additional response raising the same argument they submit here: that Volkswagen failed to comply with Local Rule 5.7 and therefore waived costs. After a hearing, on February 9, 2017, the trial court entered its order reviewing each requested cost, finding that approximately $17,000 of Volkswagen's requested costs were not taxable under Missouri law, and ordering the circuit clerk to tax the remaining amount against Appellants.
The circuit clerk ultimately fulfilled its duty under Section 514.260 to tax the costs "allowed by law" that were included in Volkswagen's request. The circuit clerk issued its bill of costs on April 13, 2017, and though this was several months after Volkswagen's requested costs, "[t]he clerk's ministerial duty to tax costs is not affected by the expiration of the time during which the trial court has control over a judgment."[6] Solberg v. Graven, 174 S.W.3d 695, 701 (Mo. App. S.D. 2005).[7] Additionally, the bill of costs issued by the circuit clerk reflected costs that had already been reviewed and determined to be lawful by the trial court prior to the circuit clerk taxing the costs.
We acknowledge the importance of examining a court's local rules and urge compliance with such rules for the orderly resolution of pending matters. It is not simply given that in all cases, failure to follow such rules will have no prejudicial effect requiring reversal. However, here, we do not find any prejudice to Appellants from Volkswagen's failure to use the circuit clerk's form in requesting court costs under the circumstances. Point denied.
*38 Point III
In their final point, Appellants argue that the trial court erred in denying their motion to retax because the circuit clerk's bill of costs failed to comply with the itemization requirements of Section 514.310. We disagree.
Section 514.310 states the following:
Every fee bill and every writ of fieri facias issuing out of any court of record in this state, shall have written or printed thereon a true statement of each and every item of all the taxable costs in the case, and over against each item so stated there shall be set the amount of money taxed thereunder; and when the same shall come to the hands of any officer authorized by law to enforce the collection thereof, he shall also itemize all the costs to be added thereto by him for his own services.
We find no case law applying this itemization requirement to a circuit clerk's bill of costs, but it would not be unreasonable to consider such bills of costs a "fee bill" under this statute. Moreover, itemization of court costs is the best practice for circuit clerks even in absence of a specific statutory mandate. For purposes of the present appeal, we assume arguendo that this section applies.
Here, the circuit clerk's bill of costs listed a single line item, "Special Process Server, Court Reporter, and Other Costs," in the amount of $60,383.14. Thus, this bill of costs is not itemized. However, as we have previously discussed, a violation of a procedural rule requires reversal only upon a showing of prejudice. Heintz, 758 S.W.2d at 454. Appellants have failed to make such a showing here. The proposed bill of costs submitted by Volkswagen was itemized and detailed. The trial court determined that some of the specific costs were not allowed by law and ordered taxing of the rest in the amount of $60,383.14. The circuit clerk subsequently taxed costs in the same amount. Under these particular circumstances, regardless of the validity of the trial court's order, it is clear which costs the circuit clerk included in its bill of costs, as it simply followed the trial court's order to tax such costs.
Moreover, though the trial court had reviewed the propriety of each specific cost before the circuit clerk taxed costs, Appellants subsequently filed a motion to retax court costs, which required the trial court to review costs taxed by the circuit clerk and correct "all errors." Section 514.270. Thus, Appellants had the opportunity to argue the legality of each cost before the trial court even before the circuit clerk taxed costs, and again in their motion to retax. Appellants make no substantive arguments regarding the propriety of each cost taxed against them; rather, they simply argue the circuit clerk's bill of costs is invalid because it is not itemized. While such a violation may in fact be prejudicial in many cases and circuit clerks should ensure bills of costs are itemized, we find Appellants were not prejudiced by the circuit clerk's failure to itemize its bill of costs under the circumstances here. Point denied.
Conclusion
Appellants' argument that the trial court's order purporting to tax costs was without legal effect is moot because, in any event, Appellants are subject to the bill of costs in the same amount issued by the circuit clerk. Regarding Appellants' arguments that both Volkswagen and the circuit clerk failed to follow certain procedural rules in requesting and taxing costs, respectively, we find Appellants were not prejudiced by any procedural violations. Accordingly, we affirm the judgment of the trial court denying Appellants' motion to retax costs.
*39 Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

AH statutory references are to RSMo, (Supp. 2016) unless otherwise indicated.

Volkswagen filed a motion to dismiss as moot Appellants' first appeal from the February 9, 2017 trial court order because the notice of appeal raised the same legal issue that we determine here to be moot. However, this Court consolidated Appellants' appeals before any party filed briefs, so we consider mootness only as it relates to the relevant point on appeal. Thus, we deny Volkswagen's motion to dismiss Appellants' first appeal as itself moot. Further, because Appellants also raised the issue of the timeliness of Volkswagen's request for costs in response to Volkswagen's motion to dismiss the appeal and subsequently in their Appellants' brief, we do not find Appellants' initial appeal to be frivolous. See In re Marriage of Weinshenker, 177 S.W.3d 859, 864 (Mo. App. E.D. 2005) ("A frivolous appeal is one which presents no justiciable question and is so devoid of merit that there is little prospect that the appeal can succeed"). Thus, we deny Volkswagen's request for costs on this basis.

One exception regards costs that are discretionary and require "judicial investigation or determination." See Solberg v. Graven, 174 S.W.3d 695, 701 n.5 (Mo. App. S.D. 2005). No such costs are at issue here.

Absent this local rule, there is no time limit for claiming costs that are definite and fixed. See Fisher v. Spray Planes, Inc., 814 S.W.2d 628, 632 (Mo. App. E.D. 1991).

All Rule references are to Mo. R. Civ. P. (2016), unless otherwise indicated.

As discussed in supra note 3, the circuit clerk's ministerial duty to tax costs does not include costs that require judicial investigation and determination. No party has argued that any specific cost requested by Volkswagen was such a cost.

Similarly, a party may file a motion to retax even after the trial court has lost jurisdiction over its judgment. State ex rel. State Highway Comm'n of Mo. v. Graeler, 303 S.W.2d 944, 946 (Mo. App. 1957) ("for the purpose of giving the parties an opportunity to object to any error or mistake of the clerk in the taxation of costs, the law permits the motion to retax to be filed at any time"). Thus, Volkswagen's argument that Appellants' motion to retax was filed after the trial court lost jurisdiction is misplaced.