

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| BETH OWEN, | ) | No. ED110097 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | Cause No. 16SL-CC04732 |
| THE WASHINGTON UNIVERSITY, | ) | |
| | ) | Honorable Joseph S. Dueker |
| Respondent. | ) | |
| | ) | Filed: July 12, 2022 |

### Introduction

Appellant Beth Owen brought a one-count petition in the Circuit Court of St. Louis County against Respondent, The Washington University ("the University"), for wrongful termination. The circuit court granted the University's motions to dismiss the petition and for summary judgment on August 7, 2019, and certified the judgment for appeal on June 22, 2020.

The circuit court taxed costs against Owen, and Owen moved to retax costs. On September 21, 2021, the circuit court granted in part and denied in part Owen's motion, and reduced the costs taxed to Owen. Owen moved this Court for a special order permitting late filing of a notice of appeal from the retaxation order. After we granted the motion, Owen filed a notice of appeal from the retaxation order, as well as from the August 7, 2019 order and the June 22, 2020 judgment.

In Point I on appeal, Owen argues the circuit court erred in dismissing her petition and granting summary judgment. In Point II, she argues the circuit court abused its discretion in denying in part her motion to retax costs. The University filed a motion for partial dismissal of the appeal, requesting that we dismiss Point I as untimely appealed and impose sanctions. We took the motion with the case.

We dismiss Point I as untimely, but we exercise our discretion not to impose sanctions. In Point II, we affirm the order of the circuit court retaxing costs.

## Facts and Procedural Background

Owen filed a petition in the circuit court against the University on December 23, 2016. For her sole cause of action, Owen alleged the University wrongfully terminated her employment in violation of public policy in retaliation for her "whistleblowing." The University later filed a counterclaim against Owen for computer tampering.

In its August 7, 2019 order, the circuit court granted the University's motions to dismiss Owen's petition with prejudice and for summary judgment. The court also ordered costs taxed against Owen.

Owen filed a notice of appeal to this Court on September 11, 2019. The next day, the University filed in the circuit court a bill of costs for $9,399.60. On September 16, 2019, the University moved for an interlocutory order of default on its counterclaim because Owen never filed a responsive pleading. On October 10, 2019, the circuit court denied the motion and granted Owen additional time to file her answer to the counterclaim. Also on October 10, 2019, the court entered a separate order that the August 7, 2019 order was a final judgment and, pursuant to Rule 74.01(b), there was no just reason for delaying Owen's pending appeal of that judgment.[1]

---

[1] All Rule references are to the Missouri Supreme Court Rules (2016), as supplemented, unless otherwise indicated.

On October 18, 2019, this Court dismissed the appeal without prejudice for lack of a final, appealable judgment. The circuit court's August 7, 2019 order was not a final judgment pursuant to Rule 74.01(b) because the University's counterclaim had yet to be resolved. Also, the circuit court's October 10, 2019 order designating the August 7, 2019 order a final judgment was itself not denominated a judgment or decree as required by Rules 74.01(a) and (b).

On June 22, 2020, the circuit court entered a final judgment fully incorporating the August 7, 2019 order granting the University's motions to dismiss and for summary judgment. In the June 22, 2020 judgment, the court found that the August 7, 2019 order was a final determination of Owen's petition, fully established the rights and liabilities of all parties relating to Owen's claim, and therefore was a judgment. The court further found, pursuant to Rule 74.01(b), there was no just reason for delay and the judgment was final and appealable.

The University subsequently filed a memorandum requesting its bill of costs in the amount of $9,399.60 be taxed against Owen. The circuit court ordered the circuit clerk to tax the costs pursuant to Section 514.260.[2] Once costs were taxed, the court would consider any motion to retax costs pursuant to Section 514.270. The circuit clerk sent a fee billing notice for $9,399.60 to Owen. On May 18, 2021, Owen filed a motion to retax costs requesting that the costs be reduced to $3,120.85. After briefing by the parties, the circuit court entered an order on September 21, 2021 granting the motion in part and denying it in part. The court reduced the costs by $1,285.42 in deposition costs related to the University's counterclaim, reducing the total costs taxed to $8,114.18.

On November 11, 2021, 51 days after the circuit court's September 21, 2021 retaxation order, Owen filed in this Court a motion for a special order permitting a late filing of a notice of

---

[2] All Section references are to the Revised Statutes of Missouri (2016), as supplemented, unless otherwise indicated.

appeal pursuant to Rule 81.07. Owen's motion referred to, and attached, only the circuit court's September 21, 2021 retaxation order as "the order from which this appeal is sought." This Court granted Owen's motion to file a late notice of appeal from the September 21, 2021 retaxation order. Owen then filed a notice of appeal purporting to appeal from, and attaching, the circuit court's order of August 7, 2019 dismissing the petition and granting summary judgment, the judgment of June 22, 2020, and the September 21, 2021 retaxation order.

On appeal, the University moves for partial dismissal of the appeal and for sanctions. The University seeks dismissal of Owen's appeal as it relates to the August 7, 2019 order and the June 22, 2020 judgment disposing of Owen's petition. The University also seeks sanctions in the amount of attorneys' fees incurred by the University in preparing and filing the motion. We took the motion with the case.

**Discussion**

Point I

Owen argues the circuit court erred in dismissing her petition and granting summary judgment to the University. The University moves to dismiss Point I as untimely and for lack of jurisdiction pursuant to Rule 81.04. The University also seeks sanctions against Owen and an award of attorneys' fees pursuant to Rule 84.19.

This Court granted Owen's motion for a special order permitting a late filing of a notice of appeal solely from the circuit court's September 21, 2021 retaxation order. Instead, Owen purports to appeal not only from the retaxation order but from the circuit court's order of August 7, 2019 granting the University's motions to dismiss and for summary judgment and from the final judgment of June 22, 2020. This she cannot do.

4

The June 22, 2020 judgment incorporated and certified the August 7, 2019 order as a final judgment under Rule 74.01(b). *See Slemp v. Johnson & Johnson*, 589 S.W.3d 92, 96 (Mo. App. E.D. 2019). The June 22, 2020 judgment became final 30 days after its entry, on July 22, 2020. Rule 81.05(a)(1). Any notice of appeal from that judgment was due to be filed not later than 10 days after the judgment became final, on August 3, 2020. Rule 81.04(a). Owen did not file a timely notice of appeal from the June 22, 2020 judgment.

In the absence of a timely notice of appeal, a motion for a special order permitting a late filing of a notice of appeal from the judgment was due to be filed on February 3, 2021, within six months after the time to file a notice of appeal expired on August 3, 2020. Rule 81.07(a). "The six month time period within which a prospective appellant can seek a special order cannot be enlarged." *Carlisle v. Carlisle*, 285 S.W.3d 343, 344 (Mo. App. E.D. 2009) (quoting *Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 640 (Mo. banc 2005)).

Owen did not file a timely motion for a special order permitting a late filing of a notice of appeal from the June 22, 2020 judgment.[3] Instead, on November 11, 2021, Owen filed a motion for a special order permitting a late filing of a notice of appeal from the September 21, 2021 retaxation order. Owen's motion attached a copy of only the September 21, 2021 order, and not the June 22, 2020 judgment. *See* Rule 81.07(a) ("A copy of the judgment from which the appeal is sought shall be attached to any such motion."); *Carlisle*, 285 S.W.3d at 344 ("The motion for late notice of appeal must attach the judgment from which the aggrieved party seeks to appeal . . . ."). We granted only that motion.

Still, Owen argues her pending motion to retax costs precluded the circuit court from entering final judgment on June 22, 2020 for purposes of this appeal. Owen relies on *Gunter v.*

---

[3] Nor, for that matter, did Owen file a timely notice of appeal from the September 21, 2021 retaxation order.

5

*City of St. James* for the proposition that all claims must be resolved before there is a final, appealable judgment. 91 S.W.3d 724 (Mo. App. S.D. 2002). *Gunter* easily is distinguishable.

First, in *Gunter*, five counts of the plaintiffs' seven-count petition remained unresolved before the circuit court. 91 S.W.3d at 726. Here, Owen points to only her motion to retax court costs and argues its pendency prohibited the circuit court from entering final judgment. Owen is incorrect. "On a motion to retax court costs, the trial court exercises a ministerial duty, initially held by the circuit clerk, to assess court costs or to correct errors made by the clerk in taxing court costs." *Collector of Revenue v. Wiley*, 529 S.W.3d 42, 45 (Mo. App. E.D. 2017). This ministerial duty appropriately is detached from the circuit court's entry of final judgment. *See Harrison v. Volkswagen Grp. of Am., Inc.*, 541 S.W.3d 33, 37 (Mo. App. E.D. 2018) ("The clerk's ministerial duty to tax costs is not affected by the expiration of the time during which the trial court has control over a judgment." (internal quotation omitted)). In other words, the pendency of Owen's motion to retax court costs until the circuit court's entry of its retaxation order on September 21, 2021 did not extend the time frame for Owen to appeal from either the August 7, 2019 order or the June 22, 2020 judgment.

Second, and more basically, even if Owen's motion to retax costs were not merely ministerial and amounted to a substantive claim for relief, the circuit court nonetheless "may enter a judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay." Rule 74.01(b). Here, the circuit court made precisely that express determination in its June 22, 2020 judgment. In *Gunter*, by contrast, "the court did not make the express determination that there was no just reason for delay as required by Rule 74.01(b)." 91 S.W.3d at 726. For that reason alone, *Gunter* is unavailing to Owen.

6

Put simply, Owen failed timely to appeal from the August 7, 2019 order and the June 22, 2020 judgment disposing of the petition. The circuit court's September 21, 2021 retaxation order did not change that. Because Owen did not timely appeal, we lack jurisdiction. *See Collector of Revenue v. Parcels of Land Encumbered with Delinquent Tax Liens*, 350 S.W.3d 840, 841 (Mo. App. E.D. 2011) ("If an appeal is not timely, this Court lacks authority to consider it."); *Johnson v. Purkett*, 217 S.W.3d 341, 343 (Mo. App. E.D. 2007) ("This Court only has jurisdiction if Appellant filed a timely notice of appeal.").

Accordingly, we grant the University's motion to dismiss Point I, which challenges the dismissal of the petition and grant of summary judgment, for lack of jurisdiction on appeal. *See Hammerschmidt v. Hardman*, 534 S.W.3d 918, 919 (Mo. App. W.D. 2017) ("If the notice of appeal is untimely, the appellate court is without jurisdiction, and the appeal must be dismissed."); *Hamm v. Crawford*, 281 S.W.3d 923, 923 (Mo. App. E.D. 2009) ("If a timely notice of appeal has not been filed, this Court is without jurisdiction to review the appeal and it must be dismissed.").

We turn next to the University's motion for sanctions pursuant to Rule 84.19. The rule provides that, if we determine that an appeal is "frivolous," we may award damages to the respondent as we deem "just and proper." An appeal is "frivolous" if "it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *See Ne. Pub. Sewer Dist. of Jefferson Cty. v. Feucht*, 535 S.W.3d 808, 811 (Mo. App. E.D. 2017). A strong case can be made that Owen's appeal is frivolous, given the obvious discrepancies between Owen's motion for a special order permitting a late filing of a notice of appeal and the notice of appeal she ultimately filed. That said, we acknowledge the earlier confusion surrounding the entry of a final, appealable judgment. Whether or not the appeal is frivolous and damages are just and proper, Rule 84.19 sanctions are a "drastic remedy" and we

exercise our discretion "with great caution." *Feucht*, 535 S.W.3d at 811. In this case, we exercise an abundance of caution and decline to impose sanctions.

The University's motion for partial dismissal of the appeal and for sanctions is granted in part and denied in part. We dismiss Point I for lack of jurisdiction. We decline to impose sanctions.[4]

<u>Point II</u>

Owen argues the circuit court abused its discretion in its September 21, 2021 order denying in part her motion to retax costs, because the costs were outrageous and disproportionate to her claim.

We review an award of court costs for abuse of discretion. *Riggs v. State Dep't of Soc. Servs.*, 473 S.W.3d 177, 182 (Mo. App. W.D. 2015). A circuit court abuses its discretion if an award of costs "was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Sasnett v. Jons*, 400 S.W.3d 429, 441 (Mo. App. W.D. 2013) (citing *Russell v. Russell*, 210 S.W.3d 191, 199 (Mo. banc 2007)).

Section 492.590.1 provides, "The costs and expenses of depositions . . . shall be awarded as a judgment in favor of the party or parties requesting the same . . .." Section 492.590.2 limits deposition costs based on several factors, including the time required in taking the deposition and the reasonableness of the charges. Further, Rule 57.10(a) states, "The costs of taking depositions shall be taxed in favor of the party paying the same and taxed as other costs in the civil action."

Under Section 514.270, "[a]ny person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court in which the action or proceeding was had, and in

---

[4] The University also moved to strike parts of Owen's reply brief for raising new substantive arguments regarding Point I in violation of Rule 55.27(e). We took that motion with the case. In light of our dismissal of Point I, we deny the motion as moot.

such retaxation all errors shall be corrected by the court." As we have said, the circuit court exercises a ministerial duty in retaxing court costs. *Wiley*, 529 S.W.3d at 45; *Riggs*, 473 S.W.3d at 184. The court costs taxed here are fixed by statute and therefore are reviewed *de novo*. *Wiley*, 529 S.W.3d at 45.

Owen contends that costs for the second, third, and fourth days of her deposition were excessive, unreasonable, and disproportionate to her one-count petition. The deposition transcript reveals, however, that Owen's single deposition continued for four days due to Owen's requests to take breaks and to stop early to accommodate a medical condition. Under Section 514.270, the circuit court did not err in taxing these costs to Owen, particularly considering it granted in part Owen's motion to retax costs to subtract deposition costs related to the University's counterclaim.

Point II is denied, and the circuit court's order taxing $8,114.18 in court costs to Owen is affirmed.

### Conclusion

For the foregoing reasons, Point I is dismissed for lack of jurisdiction, Point II is denied, and the September 21, 2021 order of the circuit court retaxing costs is affirmed.

_____

Cristian M. Stevens, J.

Sherri B. Sullivan, P.J., and
Lisa P. Page, J., concur.

9